320 So.2d 181 (1975)
STATE of Louisiana
v.
Billy HOUSE.
No. 56338.
Supreme Court of Louisiana.
October 1, 1975.
William E. Woodward, Clinton, for defendant-appellant.
*182 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., Cynthia Picou Branton, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant was charged with possession with intent to distribute marijuana. On January 13, 1974, after a trial by jury, he was found guilty as charged and sentenced to ten years at hard labor. The District Attorney then filed a bill against the defendant under the multiple offender law. After a hearing, the trial judge annulled the ten-year sentence and sentenced the defendant to one hundred years at hard labor. The defendant reserved five assignments of error. Only one is briefed; the others are, therefore, considered abandoned. State v. Nelson, 306 So.2d 745 (La.1975); State v. Navarre, 302 So.2d 273 (La.1974).
As the State was introducing evidence to substantiate defendant's alleged prior convictions, the defendant stated that he did "not wish to admit he is the same individual on the documents offered by the D.A." The State then called Aven Dearman, a fingerprint expert employed by the Louisiana State Police Bureau of Identification. He compared the past fingerprint records of defendant with fingerprints taken from the defendant in court and positively identified all as belonging to defendant. When the State introduced the in-court fingerprints, the defendant reserved this assignment of error.
The defendant, who did not take the stand to testify, argues that his privilege against self-incrimination was violated when he was ordered to have his fingerprints taken in open court. Although he acknowledges that fingerprint evidence is a non-testimonial means of identification, he argues that taking them during trial has the same effect as defendant being forced to take the stand and admit he is guilty of the offense charged. Here the necessity of identifying his prints is a crucial link, he contends, without which identification the State cannot prove its case.
Defendant's privilege against self-incrimination is not violated by taking his fingerprints in open court. United States ex rel. O'Halloran v. Rundle, 384 F. 2d 997 (3rd Cir. 1967), cert. denied, 393 U.S. 860, 89 S.Ct. 138, 21 L.Ed.2d 128. See also Ballard v. State, 487 S.W.2d 724 (Tex.Cr.App.1972), State v. Stuard, 104 Ariz. 305, 452 P.2d 98 (1969). Requiring a defendant to supply evidence of his identity does not violate the Fifth Amendment. La.R.S. 15:529.1(F); State v. Jackson, 298 So.2d 277 (La.1974); State v. Tarrance, 252 La. 396, 211 So.2d 304 (1968), cert. denied 393 U.S. 1038, 89 S.Ct. 662, 21 L.Ed.2d 586 (1968); State v. Simien, 248 La. 323, 178 So.2d 266 (1965); 8 Wigmore on Evidence ¶¶2263, 2265 (McNaughton Rev.1961), 28 ALR ¶d 1115 ¶14.
The conviction and sentence are affirmed.