324 So.2d 867 (1975)
STATE of Louisiana, Plaintiff and Appellant,
v.
Ivory RONE, Defendant and Appellee.
No. 5283.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Rehearing Denied January 28, 1976.
L. Paul Gianfalo, Asst. Dist. Atty., Alexandria, for plaintiff-appellant.
James C. Downs, Alexandria, for defendant-appellee.
Before MILLER, WATSON and CUTRER, JJ.
CUTRER, Judge.
Plaintiff, State of Louisiana, appeals from the dismissal of its action filed under the Motor Vehicle Habitual Offender Law, LSA-R.S. 32:1471 et seq., which action was filed to rule into court the defendant, Ivory Rone, to show cause why he should not be adjudged an habitual offender and, accordingly, barred from operating a motor vehicle on the highways of this State. We *868 reverse the judgment of the trial court dismissing the action, and remand the case for further proceedings in compliance with this decision and LSA-R.S. 32:1471 et seq.
These proceedings were instituted as a result of defendant having been convicted three times of driving while intoxicated under LSA-R.S. 14:98. Pursuant to the provisions of the Motor Vehicle Offender Law, the District Attorney for the Ninth Judicial District filed a petition seeking to have the defendant ruled into court to show cause why he should not be adjudged an habitual offender. If so adjudged, the District Attorney sought to have the defendant barred from operating a motor vehicle on the highways of this State. Under the provisions of the applicable statute a certified abstract of conviction, provided by the Department of Public Safety, was attached to the petition. It showed that the defendant had been convicted and sentenced on three separate occasions within a five-year period of driving while intoxicated. An order was issued by the District Court requiring the defendant to appear and show cause why he should not be adjudged an habitual offender. Exceptions of no cause and/or no right of action were filed by the defendant.
The basis for these exceptions is two points in LSA-R.S. 32:1472(A)(1)(b), a portion of the law under which the surrender of defendant's driver's license was sought. The statute defines habitual offenders as persons who, within a five-year period, have accumulated three or more convictions of certain stated offenses, including:
"Operating or attempting to operate while under the influence of intoxicating liquor or drugs, operating or attempting to operate while impaired by the use of intoxicating liquor or drugs or operating or attempting to operate while intoxicated by the use of intoxicating liquor or drugs;"
Defendant contends that the section does not refer to operating a motor vehicle while intoxicated, since those words do not appear. In addition, he contends that he was convicted of operating a motor vehicle while under the influence of intoxicating beverages (LSA-R.S. 14:98), not of intoxicating liquor, as required by the above quoted section. The trial judge sustained the peremptory exception of no cause of action. He found that the matter was civil in nature but that the statute should be strictly construed. Since the language of the statute did not track the language contained in the driving-while-intoxicated statute, he dismissed plaintiff's action.
This court in State of Louisiana v. Free, 321 So.2d 50 (La.App. 3rd Cir. 1975) has determined that the language, which is the subject of controversy in the present case, should be liberally construed. We have carefully studied the language contained in the Motor Vehicle Habitual Offender Law and find that it is divided into two parts, one providing for the civil remedy barring a defendant from operating a motor vehicle while on the highways of the State and the other providing criminal penalties. In the Free case, as in the present action, we were concerned only with the civil remedy provided by the statute. We found that for purposes of interpreting the language in connection with the civil aspects of the statute, LSA-R.S.32:1472(A)(1)(b) should be liberally construed so that the words motor vehicle could be inserted in their proper place. We also found that the words intoxicating liquor were sufficient to refer to the convictions which were the relevant facts upon which a determination could be made under the civil provisions of the statute. Accordingly, we find that the trial judge in the present case erred in dismissing the plaintiff's suit.
As mentioned above and more thoroughly in our opinion in the Free case, we are concerned at the present time only *869 with the civil aspects of the Motor Vehicle Habitual Offender Law. Application of the criminal sanctions provided by the statute would surely require a strict reading of LSA-R.S. 32:1472(A)(1)(b). But the imposition of those criminal sanctions is not sought by plaintiff in this case nor in Free. The court is only asked to bar the defendant from operating a motor vehicle on the highways of this State. We will give the statute a liberal construction in order to effectuate the civil provisions of the statute according to the "Declaration of policy" contained within the statute:
"... To provide maximum safety for all persons who travel or otherwise use the public highways of this state...
"... To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this state, the orders of its courts, and the statutorily required acts of its administrative agencies ...
"... To discourage repetition of criminal acts by individuals against the peace and dignity of this state and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of the traffic laws." LSA-R.S. 32:1471.
For the reasons assigned, the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion and LSA-R.S. 32:1471 et seq. Costs of this appeal are assessed against defendant-appellee.
Reversed and remanded.
WATSON, J., concurs and assigns reasons.
WATSON, Judge (concurring):
I concur with the result reached by the majority but I want to emphasize the fact that the decision extends only to the civil result; any criminal aspects or any criminal procedure based on the civil proceeding would be, in my opinion, violative of the Louisiana and United States constitutions.