332 So.2d 432 (1976)
STATE of Louisiana
v.
Joseph WILLIAMS.
No. 57393.
Supreme Court of Louisiana.
May 17, 1976.
John M. Lawrence, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert D. Long, Jr., Louise Korns, Asst. Dist. Attys., for plaintiff-relator.
CALOGERO, Justice.
Acting under the authority granted to him by the Motor Vehicle Habitual Offender Law, R.S. 32:1471 et seq, the district attorney for Orleans Parish filed a petition in the Criminal District Court for the Parish of Orleans alleging that Joseph Williams had become a habitual offender as defined by that statute. The petition was prompted by a report he had received from the Louisiana Department of Public Safety which revealed that Williams had been convicted of driving while intoxicated in September, 1973 and July, 1974, and of driving whole under license revocation in April, 1975. The petition was allotted to the Magistrate Division of the Orleans Parish Criminal District Court. Defendant Williams filed a motion to quash and, after a hearing, the Magistrate granted the motion and dismissed the petition against Williams on the grounds that the Criminal District Court had no jurisdiction of the license revocation proceeding because it was a civil matter. The state applied for writs to this Court which were granted, and the case was consolidated with State v. Page, 332 So.2d 427 (La.1976) No. 57,256, decided this day.
The state argues to this Court that the motion to quash was improperly granted because the Criminal District Court did have jurisdiction over the revocation proceeding. We have decided this issue adversely to the state in State v. Page, supra, and we apply here that same holding for the reasons cited therein. The revocation proceeding is a civil matter, not within the jurisdiction of the Criminal District Court of Orleans Parish. See La.Const. art. VII, §§ 35, 81, 83 (1921).
Accordingly, the action of the trial judge in granting defendant Williams' motion to quash is affirmed.