353 So.2d 476 (1977)
STATE of Louisiana, Plaintiff and Appellee,
v.
Ernest EDWARDS, Defendant and Appellant.
No. 6239.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
*477 E. M. Nichols, Lake Charles, for defendant and appellant.
Harold L. Thibodeaux, Asst. Dist. Atty., Lake Charles, for plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and JOHNSON, JJ.
CULPEPPER, Judge.
Appellant asks that the trial court's adjudication declaring him a habitual offender, based on three convictions for DWI within five years, be reversed and the proceeding dismissed. Suit was based on LSA-R.S. 32:1472. The defendant admitted having three convictions for DWI during a five-year period, September 10, 1973, August 14, 1974, and September 17, 1975. Also, his driver's license was suspended for a one-year and then a two-year period respectively after the second and third convictions.
Appellant contends that the imposition of an additional five year suspension is unconstitutional since it punishes the defendant twice for the same acts.
Procedural due process is required before a driver's license may be revoked. State v. Page, 332 So.2d 427 (La.1976), and Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). This requires a meaningful hearing appropriate to the nature of the case.
The revocation of a driver's license under the Habitual Offender statute does not constitute criminal punishment. It is a civil action and involves only the denial of the privilege of driving a motor vehicle on public highways of the state. There is no loss of liberty, no incarceration and no fine. State v. Page, supra, State v. Free, 321 So.2d 50 (La.App. 3rd Cir. 1976).
As this court stated in State v. Free, supra, at 54, "since this is a civil action and no deprivation of liberty is or can be contemplated, the stringent safeguards of criminal proceedings are not applicable." We held that a guilty plea without benefit of counsel is not a defense in habitual offender adjudications under LSA-R.S. 32:1472, and that, in civil proceedings under this statute, the defendant is subject to cross-examination just as in any civil proceedings.
Defendant-appellant cites State v. Didier, 262 La. 364, 263 So.2d 322 (1972) for the proposition that the State cannot denominate the same act under two different crime headings and prosecute defendant under both, since this would be double jeopardy and violative of Louisiana Constitution of 1921, Article 1, Section 9. But, as noted *478 above, an action based on the Habitual Offender statute is not a criminal proceeding. Defendants under this statute are not charged with a crime. They do not face the loss of life or liberty. Therefore, the holding in the case relied on by appellant has no application in the present case.
The fact that this adjudication took place over a year and a half after the appellant's last conviction for DWI is apparently the result of appellant's failure to notify the Department of Public Safety of his change of address. The trial court found that a sufficient effort to locate Mr. Edwards had been made (Tr. 39). The court also noted that the original proceedings under the statute was filed on October 31, 1975. (Tr. 33). The trial took place on May 4, 1977, about a month after the appellant notified the Department of Public Safety of his current address. (Tr. 38).
This case involves no more than the application of well settled rules of law to a recurring fact situation. This is not a criminal proceeding and the appellant's contention that double jeopardy should apply is without merit.
For the reasons assigned, we affirm the judgment appealed. Costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.