PRICE, Judge.
Defendant, Davis R. Neathery, has appealed from the judgment which declared him an habitual offender under the Louisiana Motor Vehicle Habitual Offender Statute, La.R.S. 32:1471, et seq., and revoked his driving privileges for five years.
Defendant presents two issues on appeal: (1) Whether the Louisiana Motor Vehicle Habitual Offender Statute is unconstitutional, and (2) If not, whether said statute can be interpreted to allow the trial judge the discretion to permit restricted driving privileges.
Defendant contends the statute is unconstitutional and violative of due process under Art. 1, § 2 of the Louisiana Constitution of 1974 and the fifth and fourteenth amendments of the United States Constitution because the hearing afforded under R.S. 32:1476 does not confer upon the trial judge the discretion to restrict, rather than revoke, driving privileges even if the circumstances so warrant. Neither procedural nor substantive due process requires allowance of discretion under this statute. To achieve procedural due process in an action seeking to deprive one of life, liberty, or property, he must only be given notice of the proceedings and a hearing which is appropriate to the nature of the case. Anderson Nat. Bank v. Luckett, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692 (1944); Shields v. Utah Idaho Cent. R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111 (1938); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Louisiana statute provides notice under R.S. 32:1475 and a hearing under § 1476. The hearing is appropriate to the nature of the case because it allows the cited person the opportunity to disprove the issue of identity and the allegation of prior convictions, either of which will preclude him from being adjudged an habitual offender. Substantive due process requires that there be no deprivation of life, liberty, or property through arbitrary action or unreasonable legislation. Nebbia v. People of State of New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934); Jones v. Brim, 165 U.S. 180, 17 S.Ct. 282, 41 L.Ed. 677 (1897); West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937). The Louisiana statute is not arbitrary because it applies equally to all persons, and it is not unreasonable since the state has a compelling interest to protect the public from danger. Smith v. Department of Public Safety, 254 So.2d 515 (La.App. 4th Cir. 1971); Whitaker v. State, Dept. of Pub. Safety, Driv. Lic. Div., 264 So.2d 725 (La.App. 1st Cir. 1972). So long as the state is free of arbitrary, capricious, or invidious discrimination, it may validly restrict driving privileges to promote the public welfare. State v. Free, 321 So.2d 50 (La.App. 3rd Cir. 1975). The absence of any discretion on the part of the trial judge to allow restricted driving privileges to habitual offenders does not offend due process. Furthermore, any doubt must be resolved in favor of the constitutionality of a statute. Whitaker, supra.
Defendant contends that the habitual offender statute as written can be judicially interpreted to allow restricted driving privileges. Neither the language nor the intent of the statute affords such a construction. R.S. 32:1479 requires filing of a petition to the court, furnishing of financial responsibility requirements, and the passage of five years from the date of the court’s ruling before privileges can be restored. R.S. 32:1471(2) declares that the policy of the state is “To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to safety and welfare of others and their disrespect for the laws of this state, the orders of its courts, and the statutorily required acts of its administrative agencies .” The statute should be given a liberal interpretation in order to effectuate its policies. State v. Rone, 324 So.2d 867 (La.App. 3rd Cir. 1975).
For the above reasons, the judgment is affirmed with costs assessed against defendant.