377 So.2d 450 (1979)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph R. LATTIER, Defendant-Appellant.
No. 13970.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1979.
James B. Wells & Associates by A. R. Snell, Bossier City, for defendant-appellant.
James M. Bullers, Bossier City, for plaintiff-appellee.
Before HALL, MARVIN and HOOD, JJ.
MARVIN, Judge.
In proceedings under the Motor Vehicle Habitual Offender Law, defendant appeals *451 his being adjudged as an Habitual Offender and his being barred from operating a motor vehicle. We affirm.
Defendant contends that the three DWI convictions relied on by the State were insufficient either because the statute requires 10 additional convictions of moving traffic violations, or because the first DWI conviction occurred more than five years before the State filed its petition against defendant, or because the conviction record was not properly certified.
The statute (LRS 32:1471 et seq.) has a non-criminal objective and is civil, substantively and procedurally. State v. Page, 332 So.2d 427 (La.1976); State v. Williams, 332 So.2d 432 (La.1976); State v. Love, 312 So.2d 675 (La.App. 2d Cir. 1975), writ denied. The statute is to be liberally construed to effectuate its policy (State v. Rone, 324 So.2d 867 (La.App. 3d Cir. 1975)) and all sections of the statute are to be construed together to resolve obvious omissions of or disparities in terms. State v. Free, 321 So.2d 50 (La.App. 3d Cir. 1975), writ refused.
The pertinent sections of the statute which relate to defendant's contentions are quoted in part (with defendant's emphasis supplied by us):
"§ 1472 ...
"A. A habitual offender shall be any person .. 27 whose record .. in the office of the Department of Public Safety shows that such person has accumulated the convictions for separate and distinct offenses described in the following Paragraphs (1) and (2) ... committed during a five year period..."
"(1) Three or more convictions .. of any of the following * * *
"(b) Operating or attempting to operate while under the influence of intoxicating liquor or drugs, operating or attempting to operate while impaired by the use of intoxicating liquor or drugs or operating or attempting to operate while intoxicated by the use of intoxicating liquor or drugs;
* * * * * *
"(2) Ten or more convictions ... involving moving violations ... Such convictions shall include those offenses enumerated in Paragraph (1)...
"B. The offenses included in Subsection A shall be deemed to include offenses under any federal law, any law of another state or any ... city or county ordinance of another state substantially conforming to the aforesaid state statutory provision."
"§ 1473. Department of public safety to certify record to court
"The Department of Public Safety shall certify the conviction record as maintained in its office of any person whose record brings him within the definition of a habitual offender * * * Such abstract shall be competent evidence. . ."
Other laws state that the person certifying a record either shall be specifically authorized or be the custodian of the original record. CC Art. 2267, CCP 1394, R.S. 13:3711, 32:393.1, 40:1305. See Free, supra, at p. 54.
The copy of defendant's record, as maintained in the Department, was certified by the deputy custodian of records. The certified record in question concludes:
"In accordance with R.S. 32:1473 and R.S. 13:3711, I hereby certify this document as the conviction record of [defendant] as maintained in the offices of the Louisiana Department of Public Safety. I also certify that I am deputy custodian of records in accordance with La.R.S. 32:393.1 and R.S. 40:1305.
 "For the Director
 "s/Elmer V. Aycock
 "Deputy Custodian of Records"
Defendant, on cross-examination, did not refute the convictions shown on the certified copy of his record. See Free, supra. We find that the record was properly certified and constituted competent evidence. § 1473.
*452 According to the certified record, defendant's first DWI offense occurred September 7, 1973, and resulted in a conviction on October 15, 1973. His third DWI offense occurred July 15, 1978, and resulted in a conviction on August 21, 1978. The State's petition to have defendant adjudged an habitual offender was filed March 20, 1979. The statute does not require that the State shall file the petition within five years after the first offense or conviction of the first offense. It simply states that a person shall be an habitual offender whenever the State's driving record of that person, as maintained by the State, shows that that person has accumulated the required number of convictions for offenses of the types described, committed during a five year period. Only convictions, and not arrests, may be used under the Motor Vehicle Habitual Offender Law. State v. Bradley, 360 So.2d 858, footnote three at p. 862 (La. 1978). In any event, the defendant's record shows that his three DWI offenses were committed during a five year period (September 3, 1973July 15, 1978), that his convictions occurred during a five year period (October 15, 1973August 21, 1978), and that less than five years elapsed between the date of his first offense (September 3, 1973) and the date of his last or third conviction (August 21, 1978).
The District Attorney is required by § 1474 to file the petition under the law "... within ten days after receipt [of the certified copy of the defendant's record]...", but this is not a prescriptive period. The shortest prescriptive period provided by law in Louisiana for the filing of civil actions, except in special cases such as election contests, is one year. CC 3534. We do not hold that an action under the Motor Vehicle Habitual Offender Law must be filed within one year from the date of defendant's last conviction, but we do uphold this action as being timely where it was filed within one year of this defendant's last conviction. The issue of what prescriptive period applies to this action is not before us, except obliquely by way of defendant's contention that the action must be instituted within the five year period.
Defendant's remaining contention is that the statute requires that a defendant be convicted of the three offenses described in § 1472 A.(1) and the ten offenses described in § 1472 A.(2) because of the and in the statute. We disagree.
Improper or omitted language which may be fatal to a criminal statute creates merely an ambiguity in a civil statute, Free, supra, at p. 53, and requires the Court to ascertain legislative intent. In civil cases and may sometimes mean or and vice versa. See State v. Bergeron, 235 La. 879, 106 So.2d 295 (1958).
Paragraph (2) of § 1472(A) states that the 10 moving violations shall [may] include the offenses enumerated in Paragraph (1). When all sections of the statute are construed together, liberally, and in the light of the express policy of § 1471, we agree with the conclusion made in Free that the legislature intended to prevent multiple "DWI" [§ 1472 A.(1)] and other serious driving offenders [§ 1472 A.(2)] from driving on the highways. To conclude that to be adjudged an habitual offender, a person must have three DWI convictions and at least 10 convictions for moving traffic violations in a five year period, would absurdly defeat the purpose of the law to deny driving privileges to those persons who have demonstrated their indifference to the safety of other motorists and their disrespect for the laws of this state. § 1471(2). Literal interpretation has not been employed in construing the language of the Motor Vehicle Habitual Offender Law. Free, supra.
At appellant's cost, judgment is AFFIRMED.