LOTTINGER, Judge.
This is a suit by the State of Louisiana to have the defendant, Michael R. Braud, declared an habitual offender because of three DWI convictions and to have his license revoked and his driving privileges suspended. From a judgment in favor of the State, the defendant has appealed.
The issue before this court is whether La.R.S. 32:1472(A) requires the accumulation of three DWI offenses and ten moving violations before an offender’s license can be revoked. Also at issue is whether the defendant’s due process rights were violated because of the trial court’s interpretation of the statute.
La.R.S. 32:1472(A) in part provides:
“A. A habitual offender shall be any person, resident or non-resident, whose record, as maintained in the office of the Department of Public Safety shows that such person has accumulated the convictions for separate and distinct offenses described in the following Paragraphs (1) and (2) of this Subsection, committed during a five-year period, provided that where more than one included offense shall be committed within a twelve-hour period such multiple offenses shall be treated for the purposes of this Chapter as one offense:
“(1) Three or more convictions, singularly or in combination of any of the following separate and distinct offenses arising out of separate acts:
* * * * * *
“(b) Operating or attempting to operate while under the influence of intoxicating liquor or drugs, operating or attempting to operate while impaired by the use of intoxicating liquor or drugs or operating or attempting to operate while intoxicated by the use of intoxicating liquor or drugs;
******
“(2) Ten or more convictions of separate and distinct offenses involving moving *168 violations singularly, or in combinations, in the operation of a motor vehicle which are required to be reported to the Department of Public Safety. Such convictions shall include those offenses enumerated in Paragraph (1) when taken with and added to those offenses described.”
The defendant-appellant argues that under the provisions of Section 1472 “a person must have three convictions of any of the offenses listed in paragraph 1 and at least ten convictions of moving violations, which can include the three convictions satisfying paragraph 1.” Such an interpretation would, of course, emasculate the provisions and purpose of Section 1472, which was enacted by the legislature to prevent three-time DWI offenders and other serious driving offenders from driving on the highways. The defendant contends that the statute is clear and free from ambiguity in requiring the accumulation of offenses under paragraphs 1 and 2 before a license can be revoked. He asserts that the legislature could easily have provided for non-accumulation by insertion of the word “or” between paragraphs 1 and 2 or by some other similar grammatical change.
These arguments were made in State v. Lattier, 377 So.2d 450 (La.App. 2nd Cir. 1979) and were rejected by that court, which found that requiring accumulation of offenses would defeat the purpose of the statute. We agree with the reasoning of our brethren on the Second Circuit.
The defendant’s due process argument is equally untenable. While due process is required before a driver’s license may be revoked, State v. Page, 332 So.2d 427 (La.1976), we do not agree with the defendant’s argument that the statute is so unconstitutionally vague as to violate his due process rights. In State v. Page, supra, Mr. Justice Calogero wrote in a footnote at 332 So.2d 428 that subparagraphs 1 and 2 of Section 1472(A) were alternate and distinct offense categories. There is no merit to the defendant’s plea.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s cost.
AFFIRMED.