GUIDRY, Judge.
In this civil proceeding the defendant, Milton Lair, appeals a judgment declaring him a habitual offender as defined in LSA-R.S. 32:1471 et seq. and ordering him to surrender all permits and licenses to operate motor vehicles in Louisiana. We affirm.
On January 31, 1980, pursuant to the Motor Vehicle Habitual Offender Law provided in LSA-R.S. 32:1471 et seq., the State through counsel filed a rule to show cause why the defendant, Milton Lair, should not be adjudged a habitual offender and barred from operating a motor vehicle in Louisiana. The record reveals that the appellant was convicted on three separate occasions within a five year period for the offense of driving while intoxicated. These convictions occurred on June 19, 1975, June 26, 1975, and August 28, 1979. A certified copy of the appellant’s conviction record maintained by the Louisiana Department of Public Safety was admitted into evidence pursuant to LSA-R.S. 32:1473. At the hearing on the rule, the defendant admitted that he was the person named in the aforesaid conviction record. At the close of the hearing on the rule to show cause, the defendant was adjudged a habitual offender within the meaning of the statute. He appeals that judgment to this court.
At the outset it should be observed that this matter is properly appealable to the Court of Appeal as proceedings under these statutes are civil in nature. State v. Wilson, 354 So.2d 1077 (La.App. 2nd Cir. 1978), State v. Williams, 332 So.2d 432 (1976). LSA-R.S. 32:1478 specifically provides that an appeal from any final action or judgment pursuant to the Motor Vehicle Habitual Offender Law is taken in the same manner and form as appeals in civil actions.
Appellant urges on appeal that since two of the D.W.I. arrests occurred within one week of each other, it is apparent that he was entrapped and denied his constitutional rights. Appellant offers no evidence to substantiate his claim, thus his empty allegation is undeserving of serious comment.
Appellant next contends that he was not represented by counsel at the hearings which resulted in his first two D.W.I. convictions, and he was not adequately advised of his constitutional rights. We find no merit in this contention.
A review of the court minutes dated June 19,1975 and June 25, 1975, which document the defendant’s first two D.W.I. convictions, reveal that the presiding judge advised the accused of his constitutional rights, including the right to be represented by counsel and the right to have a lawyer appointed for him if he could not afford one. The record indicates that in both instances the defendant appeared without counsel and pled guilty to the charges against him.
Although we find, contrary to appellant’s assertion, that he was fully advised of his constitutional rights, we observe that it appears now well settled that a guilty plea, without benefit of counsel, in prior criminal proceedings is not a valid defense in habitual offender adjudications under LSA-R.S. 32:1471 et seq. In State v. Edwards, 353 So.2d 476, 477 (La.App. 3rd Cir. 1977), we said:
“Procedural due process is required before a driver’s license may be revoked. State v. Page, 332 So.2d 427 (La.1976), and Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). This requires a meaningful hearing appropriate to the nature of the case.
The revocation of a driver’s license under the Habitual Offender statute does not constitute criminal punishment. It is a civil action and involves only the denial of the privilege of driving a motor vehicle on public highways of the state. There is no loss of liberty, no incarceration and no fine. State v. Page, supra, State v. Free, 321 So.2d 50 (La.App. 3rd Cir. 1976).
As this court stated in State v. Free. supra, at 54, ‘since this is a civil action and no deprivation of liberty is or can be contemplated, the stringent safeguards of criminal proceedings are not applicable.’ We held that a guilty plea without bene *759 fit of counsel is not a defense in habitual offender adjudications under LSA — R.S. 32:1472, ...”
Appellant finally urges that the trial court erred by refusing to consider restoring his driving privileges based upon economic hardship. We disagree. LSA — R.S. 32:1479 as amended by Act 220 of 1979 and Act 347 of 1979 provides as follows:

“No license to operate motor vehicles in this state shall be issued to an habitual offender, nor shall a non-resident habitual offender operate a motor vehicle in this state until all of the following requirements have been complied with:

(1) a period of five years has elapsed since the date of the order of the court finding such person to be an habitual offender; and,

(2) financial responsibility requirements are met; and,

(3) Upon petition, after the lapse of the five year period provided above, and for good cause shown, the court, in its discretion, determines that the license should be restored. In restoring to such person, the privilege to operate a motor vehicle in this state, the court may prescribe such terms and conditions as it deems necessary to protect the best interests of the public, subject to other provisions of law relating to the issuance of operators’ licenses.”

Thus, there is no provision for the restoration of driving privileges on the basis of economic hardship once one has been adjudged a habitual offender under LSA— R.S. 32:1472.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.