387 So.2d 1066 (1980)
STATE of Louisiana
v.
Cecil A. WOODARD.
No. 65441.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 3, 1980.
Dissenting Opinion November 4, 1980.
*1067 Carl A. Leckband, Jr., Miguez & Leckband, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Charles Richard, Abbott J. Reeves, Asst. Dist. Attys., for the State.
WATSON, Justice.
Defendant, Cecil A. Woodard, was convicted of operating a motor vehicle after being adjudged an habitual offender[1] in violation of LSA-R.S. 32:1480. He was sentenced to three years in jail and has appealed to this court, relying upon thirteen assignments of error.

FACTS
In February, 1976, Woodard, with advice of his attorney, Henry Liles, pleaded guilty to two counts of driving while intoxicated. In June, 1976, he was arraigned for running a red light, disturbing the peace and driving while intoxicated. Defendant, who stated that he had engaged the same counsel, waived the presence of his attorney at arraignment and pleaded not guilty. In February, 1977, defendant, without counsel, pleaded guilty to a bill of information which had been amended to read "First Offense." Since this was Woodard's third conviction of driving while intoxicated, he fit the description of an habitual offender in LSA-R.S. 32:1472(A)(1)(b):
"A. A habitual offender shall be any person, resident or non-resident, whose *1068 record, as maintained in the office of the Department of Public Safety shows that such person has accumulated the convictions for separate and distinct offenses described in the following Paragraphs (1) and (2) of this Subsection, committed during a five-year period, provided that where more than one included offense shall be committed within a twelve-hour period such multiple offenses shall be treated for the purposes of this Chapter as one offense:
"(1) Three or more convictions, singularly or in combination of any of the following separate and distinct offenses arising out of separate acts:
* * * * * *
"(b) Operating or attempting to operate while under the influence of intoxicating liquor or drugs, operating or attempting to operate while impaired by the use of intoxicating liquor or drugs or operating or attempting to operate while intoxicated by the use of intoxicating liquor or drugs;"
On May 3, 1977, the State filed a petition for a rule to show cause why defendant's driving privileges should not be suspended. In the petition, it was alleged that:

"2.
"Your petitioner has received from the Department of Public Safety an abstract of the driving record for defendant including excessive violations of such magnitude that he should be declared a habitual offender as defined by Louisiana Revised Statutes 32:1472." (Tr. 26)
Accompanying the petition was a certified conviction record from the Department of Public Safety. Defendant admits that he was served in the suit (Tr. 71), and the sheriff's return of service is in the record. However, defendant did not appear at the rule hearing on May 18, 1977, when judgment was rendered declaring him an habitual offender and suspending his driving privileges for five years. The court notified the Department of Public Safety of the judgment (as required by LSA-R.S. 32:1477) but no notice of the judgment was given to defendant himself.
On August 3, 1978, at approximately 3:30 A.M., defendant was observed driving with a headlight out and was stopped by a state trooper. A driver's license check revealed that defendant's license had been suspended. Defendant was cited for driving under revocation in violation of LSA-R.S. 32:415.
A bill of information was filed charging defendant with unlawful operation of a motor vehicle after being adjudged an habitual offender in violation of LSA-R.S. 32:1480. Defendant's motion to quash was denied. At trial the court found defendant guilty, denied his motion for a new trial, and sentenced him to three years in the Calcasieu Parish Jail.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the bill of information should have been quashed because the habitual offender statute (LSA-R.S. 32:1471, et seq.) is unconstitutional in its failure to provide for notice of adjudication as an habitual offender. The statute is civil in nature, State v. Page, 332 So.2d 427 (La., 1976); State v. Bradley, 360 So.2d 858 (La., 1978); State v. Williams, 332 So.2d 432 (La., 1976). However, because of the potential criminal penalties for violation, defendant contends that notice was necessary for him to receive due process of law.
Defendant's contention is without merit. He was personally served with a rule to show cause, an order to appear in court to show why his driving privileges should not be suspended because of being an habitual offender. When defendant failed to appear, the rule was made absolute. Service of this petition and order notified defendant of the possible consequences of his non-appearance. Defendant was afforded an opportunity for a hearing and chose not to take it. The requirements of procedural due process are prior notice and a chance to be heard, which defendant received. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

*1069 ASSIGNMENT OF ERROR NUMBER TWO
It is contended that the trial court erred in allowing into evidence a citation issued by a state trooper containing information furnished by defendant. Because the information, consisting of name, address, driver's license number and age, was essential in showing defendant to be an habitual offender and was obtained prior to any warning against self-incrimination, defendant contends it was inadmissible.
The information itself was not incriminating. Moreover, defendant was stopped for a valid reason (only one headlight), and the information was equally available to the state trooper from defendant's driver's license. LSA-R.S. 32:411(D) provides, in pertinent part:
"D. The licensee shall have his license in his immediate possession at all times when driving a motor vehicle and shall display it upon demand of any officer or agent of the department or any police officer of the state, parish or municipality, * * *."
The evidence was admissible.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant contends that the three D.W.I. convictions were erroneously admitted into evidence without being properly identified as his. They were based upon citations issued to one with the same driver's license number, date of birth, height and weight.
LSA-R.S. 32:1476 provides the procedure to be followed if a defendant denies a prior conviction, but Woodard did not appear at the rule hearing to contest the convictions. See State v. Neathery, 357 So.2d 901 (La. App. 2 Cir. 1978). There was no error.

ASSIGNMENTS OF ERROR NUMBER FOUR AND TWELVE
In these assignments, defendant complains of the use of his prior guilty pleas because: (1) he was unrepresented by counsel; and, (2) he was not advised of his rights as required by Boykin.
A person may be adjudged an habitual offender in a civil proceeding on the basis of prior uncounseled guilty pleas. State v. Free, 321 So.2d 50 (La.App. 3 Cir. 1975); State v. Love, 312 So.2d 675 (La. App. 2 Cir. 1975). However, a prior D.W.I. conviction may not be used to subject an accused to criminal prosecution and imprisonment as a second offender under LSA-R.S. 14:98, unless there was counsel or a knowing waiver of the right to counsel at the time of the first conviction. City of Monroe v. Fincher, 305 So.2d 108 (La., 1974); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
When Cecil A. Woodard pleaded guilty and was convicted of the first two charges of driving while intoxicated he was represented by counsel. At the time of his arraignment on the third charge of driving while intoxicated, Woodard informed the court that he had retained the same attorney, Henry Liles, although he later appeared without counsel and pleaded guilty. Thus, Woodard was either represented or waived counsel at all three convictions. Consequently, the convictions may be used to subject defendant to imprisonment for driving after adjudication as an habitual offender under LSA-R.S. 32:1481.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), holds that the record must disclose that a defendant voluntarily entered a plea of guilty, while understanding that he was waiving various constitutional rights, including the privileges against compulsory self-incrimination, the right to trial by jury, and the right of confrontation. Defendant contends on appeal that he was not advised of those rights when he pleaded guilty to the charges of D.W.I.
At trial, defendant's objection to the use of the prior guilty pleas was based solely on the ground that they were made without counsel. A new basis for an objection cannot be presented for the first time on appeal. LSA-C.Cr.P. art. 841; State v. Davis, 357 So.2d 1125 (La., 1978); State v. *1070 Fowlkes, 352 So.2d 208 (La., 1977). Therefore, it is not necessary to consider whether Boykin was followed at the time of defendant's guilty pleas or whether the rule of Boykin is applicable in this instance.

ASSIGNMENTS OF ERROR NUMBER FIVE, SIX, SEVEN, EIGHT, NINE, TEN AND THIRTEEN
These assignments of error relate to the fingerprinting and introduction of evidence of fingerprints and other documents at trial.
Defendant complains that the court allowed an expert witness, Deputy Sheriff Tom Harless, Supervisor of Identification and Records Division of the Calcasieu Parish Sheriff's Department, to take his fingerprints in court. This issue was decided in State v. House, 320 So.2d 181 (La., 1975), which held that defendant's privilege against self-incrimination was not violated when his fingerprints were taken in court.
Defendant contends that the trial recesses the court allowed to enable the State to obtain an expert fingerprinter prejudiced him. A fifteen minute recess allowed the State's expert witness time to arrive at court. The witness was en route. After the fingerprinting, the court granted a few minutes recess so that defendant's prints could be compared with those on fingerprint cards. The granting of recesses is in the discretion of the trial court, and there is no showing of prejudice.
Defendant also objects to the introduction of his past fingerprint cards. The custodian of the cards testified that he did not take the fringerprints himself, and could not testify of his own knowledge that the prints were taken on the stated days for the listed offenses. The fingerprint cards were obtained from the identification division, which was under his supervision. They were signed to show who took the fingerprints. The witness identified the prints and connected them with defendant's rap sheet. State v. Nicholas, 359 So.2d 965 (La., 1978) held that fingerprint cards are within the "public records" exception to he hearsay rule. The trial court correctly admitted the fingerprint cards.
Defendant's contention that his prior arrest records were improperly admitted is also without merit. They were properly certified and admissible as public records. State v. Overton, 337 So.2d 1201 (La., 1976).

ASSIGNMENT OF ERROR NUMBER ELEVEN
Defendant contends that the court should have granted his motion for acquittal because there was no evidence in the record by which he could have been found guilty of driving after being declared an habitual offender. The assignment is without merit.

DECREE
For the reasons assigned, we affirm the conviction and sentence.
AFFIRMED.
CALOGERO, J., dissents.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
Defendant's assignments of error numbers one and four have merit.
NOTES
[1] LSA-R.S. 32:1472.