LOBRANO, Judge.
Defendant, Prentis McCullom, was charged by bill of information with the September 14, 1983, simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2.[1] On March 27, 1984, defendant was arraigned and pled not guilty. Trial was held on June 6, 1984, and defendant was found guilty as charged by a twelve member jury. On July 11, 1984, the state filed a multiple bill alleging defendant to be a Habitual Offender under La.R.S. 15:529.-1. Defendant was sentenced to ten (10) years at hard labor with credit for time served.
FACTS:
On September 14,1983, at approximately 10:00 a.m. Officer Earl Primo, III answered a call to a burglary in progress at 4836 Perrier Street in the City of New Orleans. Upon arrival, he entered the back yard and observed two window panes knocked out of the rear french door and heard scuffling inside the residence. He radioed for a back up unit. Officers Geraldine Prudhomme and Glen Banks answered the call. As Primo entered the rear of the residence, Prudhomme and Banks guarded the front. Within minutes, defendant ran out of the front door. The three officers gave pursuit. After a short chase of two blocks, defendant was apprehended.
At central lock up, defendant gave his name as Randolph Linzey. His true identity was later established through fingerprint records.
At trial, prior to any testimony given, the prosecution requested over defendant’s objection that defendant be fingerprinted in open court. Defendant’s objection was *432 overruled. Following the fingerprinting of defendant, Officer William Sable testified that prints recovered from 4836 Perrier Street matched those taken from defendant in Central lock-up and those taken in open court.
The three investigating officers testified to the facts as stated above.
Stephen Quarles testified that he resided at 4836 Perrier Street on September 14, 1983. He stated that he left his residence for work at 7:45 a.m., and that the residence was neat and all doors were secure. He stated that when he returned following defendant’s arrest, the panes to the rear door were broken, his clothes were disturbed, his bed was turned over and some of his belongings had been stuffed into a pillow case. He testified he did not give defendant permission to enter his home.
Defendant took the stand and testified he entered the backyard to “use the bathroom” after consuming half of a fifth of wine with a friend. He stated that soon after entering the yard, the officers bégan chasing him. He testified he never entered the residence.
Defendant appeals his conviction and sentence asserting the following assignments of errors:
(1) The trial court erred in allowing the defendant to be fingerprinted within the jury’s view.
(2) The trial court erred in admitting into evidence the clothing defendant was wearing at the time of his arrest.
ASSIGNMENT OF ERROR 1:
The Fifth Amendment privilege against self incrimination only protects an accused from having to produce evidence of a testimonial or communicative nature. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Fingerprint evidence is a non-testimonial means of identification and does not violate defendant’s privilege against self-incrimination. State v. Woodard, 387 So.2d 1066 (La.1980); State v. House, 320 So.2d 181 (La.1975). Thus, it is permissable for a defendant to be fingerprinted in open court. This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant objected to the state introducing the clothing he was wearing at the time of the burglary. Defendant asserts the clothing was irrelevant. The state laid the proper foundation to admit the clothing as demonstrative evidence, State v. Sam, 412 So.2d 1082 (La.1982) and the clothing was properly identified. State v. Davis, 411 So.2d 434 (La.1982); State v. Gordy, 380 So.2d 1347 (La.1980). Clearly the clothing was relevant because it tended to prove that the police witnesses were accurate in their identification of defendant as the perpetrator of the burglary. This assignment of error is without merit.
We have reviewed the record for errors patent and find none.
For the reasons assigned above defendant’s conviction and sentence are affirmed.
AFFIRMED.

. La.R.S. 14:62.2:
"Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.”