PRESTON H. HUFFT, Judge Pro Tern.
On October 4, 1984, the defendant was charged by bill of information with simple burglary. He was arraigned on October 11, 1984 and pled not guilty. On November 7, he changed his plea to guilty as charged. He was sentenced to three years at hard labor. The State then filed a multiple bill of information charging him as a second offender. On February 7, 1985 the trial court found the defendant to be a second offender, vacated the original sentence, and re-sentenced the defendant to four years at hard labor. Also on that date, the defendant filed an oral motion for appeal. On May 30, 1985, the defense counsel filed a motion for an out of time appeal. On July 31, 1985, the defendant filed a supplemental direct appeal. No formal assignments of error were filed in the lower court as required by C.Cr.P. art. 844.
The defendant filed a pro se appellate brief with the court on December 12, 1985. Defense counsel filed a brief on January 24, 1986.

Errors Patent

The defense counsel requests a review for errors patent. A thorough review of the record reveals no errors patent.

Defendant’s Assignments of Error No. 1 and No. 3

By his first and third assignments of error, the defendant alleges that the fingerprint comparison made by the State at the multiple bill hearing did not establish that the defendant was the same person who had been convicted in the prior case.
At the multiple bill hearing, the defense entered into a stipulation that Officer Sable was an expert in examining and identifying fingerprints. The officer testified that he had taken the fingerprints of the defendant and that they matched the fingerprints on the arrest register of David Burch in the prior conviction. Thus, the State established that the defendant was the same man who was convicted in the prior case. State v. Chaney, 423 So.2d 1092 (La.1982).
The defendant also argues that double jeopardy was violated when the multiple bill hearing was continued. He makes this argument pursuant to C.Cr.P. art. 708, which provides that a continuance should not be granted after the trial or hearing has commenced. Here, there is no evidence that the hearing had begun on February 1st when it was continued until February 7th. Double jeopardy did not attach. This assignment is without merit.

Defendant’s Assignment of Error No. 2

By his second assignment of error, the defendant alleges that by fingerprinting him in open court, his right against self-incrimination was violated.
At a multiple bill hearing, the State must prove that the defendant is the same person who was convicted of a prior felony. Taking the defendant’s fingerprints is a recognized method of proving this fact. Chaney, Id. Indeed, the statute itself sets out that fingerprint evidence, along with *554 other documentation, can establish a prima facie case. R.S. 15:529.1(F).
Nothing suggests that fingerprinting the defendant before the trial judge is prejudicial. Indeed, fingerprinting has been held permissible even where it is done at trial in view of the jury. State v. Woodard, 387 So.2d 1066 (La.1980); State v. Sheppard, 350 So.2d 615 (La.1977); State v. House, 320 So.2d 181 (La.1975); State v. McCullom, 480 So.2d 430 (La.App. 4th Cir., 1985). This assignment is without merit.

Defendant’s Assignment of Error No. ⅛

By his fourth assignment of error, the defendant alleges that the State did not file its multiple bill timely. The defendant cites C.Cr.P. art. 701 in support of his argument. C.Cr.P. art. 701 provides that a bill of information alleging a felony violation must be filed within sixty days after arrest if the defendant is being held in custody. This provision relates to the original bill of information and does not effect the filing of a multiple bill.
Nevertheless, the district attorney must file an habitual offender bill within a reasonable time after the prosecution knows that a defendant has a prior felony record. State v. Wilson, 360 So.2d 166 (La.1978), overruled on other grounds, State v. Curtis, 363 So.2d 1375 (1978). As stated by the court in Wilson, supra:
“Although R.S. 15:529.1 does not allow an indefinite time in which a district attorney may file an habitual offender bill once such information is available, neither does it impose a specific prescriptive period in which the district attorney must act upon the receipt of the necessary information.” Id. at 172.
In Wilson, the Louisiana Supreme Court held that where the State filed the information one month after receipt of information that the defendant had been previously convicted of a felony and after the defendant’s conviction for the instant offense and two weeks after the defendant was sentenced, the delay was reasonable. In State v. Broussard, 416 So.2d 109 (La.1982), the State filed a multiple bill thirteen months after sentence and three months prior to the date the defendant was eligible for parole. The Court held this delay unreasonable.
In this case the defendant pled guilty on November 7, 1984. He was sentenced on that date. On December 12, 1984, the State filed a multiple bill. We find that this delay of slightly more than one month is reasonable. Wilson, supra.
This assignment is without merit.
For the forgoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.