523 So.2d 811 (1988)
STATE of Louisiana
v.
Judith WALTERS a/k/a Judith Stevison.
No. 87-K-2753.
Supreme Court of Louisiana.
April 7, 1988.
PER CURIAM.
Denied. The court of appeal, 514 So.2d 257, misapplied the test of harmless error but the result is correct. In determining whether the erroneous admission of evidence requires reversal of a defendant's conviction, the reviewing court should not consider the error harmless unless "convinced beyond a reasonable doubt that [the evidence] contributed to the verdict." The correct standard is whether there is a "reasonable" possibility that the evidence might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Green, 493 So.2d 1178 (La.1986); State v. Gibson, 391 So.2d 421 (La.1980). Under the correct standard, the erroneous introduction of a co-participant's statement which tends to bolster the reliability of a confession the defendant seeks to avoid at trial may be deemed harmless, but only if the reviewing court is prepared to make that finding in spite of the statement's "interlocking" character, not because of it. See, Cruz v. New York, 481 U.S. ___, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987).
Nevertheless, the trial court did not err in admitting the "interlocking" statement of defendant's daughter, an uncharged principal who was otherwise unavailable to the state at trial despite its efforts to secure her presence through the aid of the Mississippi courts and police. It appears that the portions of the statement bearing significantly on defendant's participation in the crimes were so thoroughly substantiated by defendant's own confession *812 that, when the witness became "unavailable," the statement was directly admissible against the defendant as substantive evidence. See, Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986).
LEMMON, J., votes to grant the application and docket the matter for argument and decision by full opinion, rather than by a brief per curiam opinion.