WILLIAMS, Judge.
The defendant, Ivan Molinario, was charged by a bill of information as a convicted felon in possession of a firearm, a violation of La.R.S. 14:95.1. Defendant was found guilty as charged and was sentenced to ten years at hard labor with time served without benefit of parole, probation or suspension of sentence. Defendant appeals.
On December 13, 1986, while on routine patrol, Officers Allen Racasner and Samuel Poole observed a car with two white males stopped at a corner of Martin Luther King Boulevard in a high crime and drug trafficking area. Shortly thereafter, a black male, who had been arrested previously for drug-related offenses, approached the car, reached into the passenger side, received what appeared to be money and walked away. Suspecting a drug transaction, the officers approached the car and asked the men to get out of the car. As the defendant was exiting the passenger side, Officer Recasner observed a gun in between the glove compartment and the floorboard. Both men denied owning the gun. The officers then patted down the defendant and the driver in search of other weapons; and, after finding none, asked the men for identification. Officer Recasner then called the police station and had the name the defendant gave him run through the NCIC computer. The computer search revealed that the defendant had given the officers an alias; that his real name was Ivan Molinario; and that he was wanted in Jefferson Parish on an outstanding arrest warrant for issuing forged checks. The police held the men, read them their Miranda rights and transported them to the police station for further questioning regarding the ownership of the gun. At the station, the officers discovered that the defendant was a convicted felon. At this time, Officer Poole overheard the defendant tell the driver that the gun was his. Subsequently, the defendant was arrested as a convicted felon in possession of a firearm.
Defendant raises several assignments of error. He argues that he was arrested without probable cause and, therefore, neither the gun seized pursuant to the arrest nor the inculpatory statement admitting ownership of the gun should have been admitted. We find these arguments without merit.
Pursuant to La.Code Crim.Pro. Art. 215.1, an officer is justified in conducting an investigatory stop when the officer observes suspicious activity which may be linked to the commission of a crime. Here, the officers were justified in conducting an investigatory stop based upon the facts that they observed the men stopped in a known high crime, heavy drug trafficking area and they observed what appeared to be a drug transaction. See State v. August, 503, So.2d 547 (La.App. 4th Cir.1987); State v. Jones, 483 So.2d 1207 (La.App. 4th Cir.1986).
In the course of a justified investigatory stop, the gun came into plain view of the officer thereby falling into the “plain view” exception to the requirement that evidence may only be seized pursuant to a *667 warrant. State v. Landry, 414 So.2d 674 (La.1982). Recognizing this well established exception to the warrant requirement, we find that the admission of the gun into evidence was not error.
Additionally, we find that once the defendant denied ownership of the gun and it was discovered that he had given the officers an alias and that he was wanted in Jefferson Parish on an outstanding arrest warrant, the officers had probable cause to arrest him.
Finding that the stop, the arrest and the seizure were proper, we will consider defendant’s claim that the trial court erred in admitting his inculpatory statement claiming ownership of the gun. The statement in which the defendant admitted ownership of the gun to the driver was overheard by the police. Subsequently, the defendant was arrested and the driver released. The defense contends that the trial court erred in admitting the statement because it is hearsay about what the officer overheard the defendant say to another person. We acknowledge that the statement is hearsay but find that it is nonetheless admissable because it constitutes an admission. Admissions are exempt from the hearsay rule. State v. Sumler, 395 So.2d 766 (La.1981). We find that the trial court did not err in allowing the statement into evidence.
Additionally, the defense contends that the trial court erred in allowing into evidence a statement made to the defendant by the driver that he did not own the gun. This statement, like the one made by the defendant, was overheard by the officer. The content of the statement was elicited by defense counsel on cross-examination. We find that the admission of this statement, even if erroneous, is harmless error in light of the fact that defendant’s own statement is admissable under the exception to the hearsay rule and the driver’s statement merely corroborates the defendant’s admission.
Defendant also asserts that insufficient evidence exists to support his conviction as a convicted felon in possession of a firearm. Since this is a case based on circumstantial evidence, we have used the two-step analysis set forth in State v. Shapiro, 431 So.2d 372 (La.1982), and have found that there is sufficient evidence in the record to find the defendant guilty violating La.Rev.Stat. 14:95.1.
The defense objects to the propriety of three comments made by the State in closing argument. The scope of closing argument is guided by Louisiana Code of Criminal Procedure article 774 which reads as follows:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions if fact that the State or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The State’s rebuttal shall be confined to answering the argument of the defendant.
In closing argument, the prosecution stated that the defendant “had lied before”, evidently referring to the fact that after pleading not guilty to the prior offenses of possession of demarol and burglary of a pharmacy, the defendant was found guilty by a jury. The defendant did not take the stand at the prior trials. In light of these facts, the defense argues that the State’s comment is improper because it makes a negative inference about the defendant’s failure to take the stand when previously on trial.
It is improper for the prosecution to criticize the defendant’s exercise of his constitutional rights; however, when ample evidence exists to support the verdict, reversal is not warranted. As previously indicated, we have reviewed the record for sufficiency of the evidence and find that under the facts of this case such statements constitute harmless error.
Defendant also challenges the State’s comment that drugs were commonly sold in the area in which the instant offense occurred. The defense contends that this information was not in evidence and was based upon the prosecutor’s own *668 personal knowledge. We find this argument without merit.
The officers who testified at trial stated that the area in which the crime occurred was a known drug trafficking area. Under article 774, a party may comment on the evidence. We find that the admission of these statements was not erroneous since the prosecutor was merely commenting on what had already been stated as he is entitled to do.
Regarding the State’s closing arguments, the defense contends that the State improperly suggested that the beeper defendant had with him at the time of the arrest was probably used to make drug transactions. In closing, a party is entitled to argue conclusions that may be reached from the facts. La.C.Crim.Pro. Art. 774. This argument has no merit.
In his final assignment of error, the defendant contends that the judge agreed to sentence him to four years imprisonment during plea bargain negotiations but, after trial, sentenced him to ten years, thereby punishing him for exercising his constitutional right to a trial by jury.
It is established that the imposition of a longer sentence than offered prior to trial does not automatically constitute punishment for exercising the defendant’s right to stand trial. Frank v. Blackburn, 646 F.2d 873 (5th Cir.1980). Further, a judge’s pre-conviction offer of a lenient sentence should not be viewed as setting a limit for the justifiable sentence following conviction. State v. Barkley, 412 So.2d 1380 (La.1982). Nevertheless, in raising this issue, the defendant underscores the problems inherent in a judge’s participation in plea bargain negotiations. Consequently, we have carefully reviewed the sentencing portion of the record, and find that the sentencing phase was conducted properly. The trial judge gave a detailed statement of his sentencing considerations under La. C.Crim.Pro. Art. 894. Additionally, the judge expressly answered the allegations made by defendant in this assignment of error when he stated that in pre-trial discussions he was not fully apprised of defendant s entire criminal record. We find that this assignment is meritless.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.