GAUDIN, Judge.
Danny J. Ehrhard was convicted of obscenity (LSA-R.S. 14:106) in the 24th Judicial District court and sentenced to one year in parish prison with credit for time served. He was also ordered to pay a $1,000.00 fine. For the following reasons, we affirm his conviction and sentence.
THE CRIME
On November 24,1989, a 12-year-old girl was walking through the A & P parking lot on Terry Parkway in Gretna. She observed a man subsequently identified as Ehrhard sitting in a red and white truck with the door opened. As she walked by the truck, Ehrhard shook his exposed penis and asked the young girl if she wanted to earn a couple of dollars. When she started *1210 to cry and run away, Ehrhard shouted after her, “Look, look.” The victim ran and told A & P employees what had happened and they called police. When a police officer arrived at the scene, he took a statement from the victim. He also got a description of the truck, the license plate number of the truck and a general description of the perpetrator.
An unidentified customer who saw what happened followed the truck and copied down the license plate number. The customer returned to the A & P, gave the information to the victim’s mother, and left.
The case was assigned to Detective Antoinette Ulmer, who traced the license number of the truck to Ehrhard. After she talked to the suspect and other people involved, Ulmer obtained a photograph of the suspect and contacted the victim to view a photographic lineup. The victim positively and without hesitation identified Ehrhard as the perpetrator. The young girl again positively identified the defendant in court.
ASSIGNMENT OF ERROR
Ehrhard’s only assignment of error was that the trial judge erred in admitting into evidence pre-trial statements made by appellant under an incorrectly formulated attempt at impeachment and without first determining the admissibility of the statements under LSA-R.S. 15:451 or without requiring a showing that they were made following an advisal of rights.
At trial, Ehrhard called two witnesses to testify as to where he was on the morning of November 24, 1989. Sandra Boudreaux, Ehrhard’s former fiancee, said that she was with Ehrhard that morning. Velma Brown, Ehrhard’s neighbor, testified that his truck was parked at his residence all morning on November 24th.
In an apparent attempt to impeach Boudreaux’s testimony, the prosecution called a police officer as a rebuttal witness. The officer was asked about two different stories given by Ehrhard, during the police investigation, regarding his whereabouts on the morning in question. The officer said:
“The first one was Mr. Ehrhard had said he had been in the Mary Poppins area, which is a prominent black area, a drug area on the West Bank with a black male. Then he later changed his story and said he had been at his residence with his girlfriend and that they had relatives or friends in from out of town.”
Defense counsel objected because of hearsay but the trial judge overruled the objection. Ehrhard argues that this testimony did not impeach Boudreaux but was presented only to show prior contradictory statements made by the defendant. The officer did not state that Ehrhard’s statements were free and voluntary or that the suspect’s Miranda[1] rights had been given and waived.
The officer’s testimony about Ehrhard’s conflicting statements was inadvertently admitted. Such error by the trial judge, however, is not necessarily reversible. See State v. Walters, 523 So.2d 811 (La.1988), State v. Savoie, 448 So.2d 129 (La.App. 1 Cir.1984), writs denied at 449 So.2d 1345 (La.1984), and State v. Heard, 408 So.2d 1247 (La.1982).
In Walters, the Supreme Court of Louisiana said that a reviewing court should not consider an error harmless unless convinced beyond a reasonable doubt that the improperly allowed evidence might have contributed to the guilty verdict.
Here, the 12-year-old victim’s straightforward identifications along with other convincing evidence convicted Ehrhard. We cannot say that the complained-of hearsay could have contributed to the finding of Ehrhard’s guilt beyond a reasonable doubt. The mistake, considering the totality of the evidence, was inconsequential. The jury heard the testimony of appellant’s alibi witnesses and did not believe them.
We searched for errors patent and found none.
AFFIRMED.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).