631 So.2d 94 (1994)
STATE of Louisiana, Appellee,
v.
Larry Dean DIXON, Appellant.
No. 25671-KA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*95 Joseph Wm. Bailey, Logansport, Jennifer L. Weimer, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Don M. Burkett, Dist. Atty., Charles B. Adams, Asst. Dist. Atty., Mansfield, for appellee.
Before MARVIN, C.J., and SEXTON and BROWN, JJ.
MARVIN, Chief Judge.
Larry Dean Dixon appeals his conviction and 40-year hard labor sentence for attempted second degree murder. He contends that he was denied effective assistance of counsel due to alcohol abuse by his attorney.
This record allows us to review Dixon's claim. Finding his specific assignments meritless, we affirm his conviction and his sentence.

FACTS
At the VFW Hall in Mansfield on July 24, 1990, Dixon attacked Rocky Allen Baggott with a knife, cutting from Baggott's left ear across his neck, across both of his arms and shoulders, across his abdomen to a depth that exposed Baggott's intestines, and across his back. Baggott's wounds were serious, requiring extensive treatment and over 300 stitches to save his life.
Dixon contends that his actions were in self-defense because Baggott "reached" for his knife. Defense counsel and the prosecutor stipulated that if Mark Wise, Dixon's witness, was called to testify he would state, "He saw Rocky Baggott go for his knife first but he could not get it open and Larry Dixon got his opened first." This stipulation allowed defense counsel the advantage of having the jury hear Wise's exculpatory statement without the prosecutor being able to *96 ask Wise about his felony conviction. The jury obviously disbelieved this statement and accepted instead the testimony of four other witnesses and the victim, Baggott.
Baggott testified that Dixon's attack on him was unprovoked. The four witnesses testified at trial that Baggott was retreating while Dixon chased, caught and then cut Baggott with his knife. Dixon and his brother were apprehended driving from the scene shortly after the incident. Noting the jury's prerogative to believe this testimony, we are constitutionally precluded from reviewing the facts implied under the jury verdict. Our review is limited to questions of law and is in the light that most favorably supports the jury verdict. LSA-Const. Art. 5, § 10.

INEFFECTIVE ASSISTANCE OF COUNSEL
Dixon's contention that his attorney was ineffective because he abused alcohol during the trial is specifically based on the failure of his attorney to object to an improper argument by the state, to conduct sufficient pretrial investigation, and to call crucial witnesses.
Claims of ineffective assistance of counsel are ordinarily raised by PCR application. State v. Cupit, 508 So.2d 996 (La.App. 2d Cir.1987), writ denied; State v. Fontenot, 618 So.2d 915 (La.App. 1st Cir.1993).
The issue may be addressed on appeal where the record contains evidence necessary to evaluate the merits of the claim of ineffective counsel. State v. Seiss, 428 So.2d 444 (La.1983); State v. Cupit, supra; State v. O'Neal, 501 So.2d 920 (La.App. 2d Cir.1987), writ denied. This record allows such a review.
Effective assistance of counsel does not mean errorless counsel or counsel which may be judged ineffective by mere hindsight. Reasonably effective professional assistance is expected and required. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Seiss, supra.
To obtain a new trial, a defendant must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced defendant to such an extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
There is a strong presumption that the conduct of counsel falls within the wide range of reasonable professional assistance. State v. O'Neal, supra; State v. Cupit, supra. With these principles in mind, we shall discuss each of Dixon's complaints:

Failure to object to state's argument
In his closing argument, the prosecutor stated:
In this case the evidence has shown, it has clearly shown, beyond a reasonable doubt, almost 100% that I can never prove, but the 99.9% that Larry Dixon is guilty of attempted second degree murder.
This statement speaks of what the "evidence has shown." A prosecutor may properly argue what the evidence shows. CCrP Art. 774. Even when the prosecutor's argument is improper, a reversal of a conviction is not always required. CCrP Art. 921; State v. Molinario, 530 So.2d 665 (La.App. 4th Cir.1988), writ denied. The correct standard is whether there is a "reasonable" possibility that the evidence might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not. State v. Walters, 523 So.2d 811 (La.1988). Cf. State v. Cupit, supra.
Any objection by Dixon's counsel to the statement Dixon complains of should have and presumably would have been overruled by the trial court. We find no error in counsel's alleged failure to object and no prejudice resulting to Dixon.

Failure to investigate
Dixon also asserts that his counsel failed to conduct a sufficient pre-trial investigation. He submits that if his counsel had done so, he would have found witnesses who would have supported his proposition that Baggott pulled his knife first.
With other pre-trial motions, Dixon's counsel filed a motion for discovery and a motion for exculpatory evidence, obviously designed *97 to discover witnesses favorable to Dixon's claim of acting in defense of his person. None was discovered.
In the motion for new trial, no witness is named or otherwise identified to support Dixon's claim of self-defense. Additionally, there was no testimony presented at the hearing on the motion for a new trial that suggested others, beside Mark Wise, who might have corroborated Dixon's self-defense claim. In the absence of some evidence suggesting the names or identities of persons that could have presented specific testimony to aid the defense, we cannot find that Dixon has demonstrated the ineffectiveness or the required prejudice caused by the alleged failure of his counsel. State v. Berry, 430 So.2d 1005 (La.1983).

Failure to subpoena crucial witnesses
Dixon contends defense counsel's failure to subpoena crucial witnesses is ineffective assistance of counsel. The only "crucial witness" mentioned, however, is Mark Wise, whose testimony was stipulated to the jury. As noted, the stipulation avoided Wise's being impeached before the jury by a felony conviction, placing him in a better light before the jury.
The election to call or not to call a particular witness is a matter of trial strategy and is not per se evidence of ineffective assistance. An effective counsel, as a matter of strategy, may choose to seek the stipulation of a witness's testimony simply to avoid exposing that witness to cross-examination and impeachment. See State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988).
The fact that Wise was not subpoenaed by Dixon's counsel does not demonstrate or suggest ineffective assistance of counsel. Wise's "testimony," by stipulation, was presented to the jury.

CONCLUSION
In denying Dixon's motion for a new trial, based also on his counsel's alleged ineffectiveness, the trial court stated:
At trial [counsel] actively participated in voir dire. He made an opening statement. He cross-examined the State's witnesses. [Counsel] called witnesses on behalf of the defendant. He made a closing argument. He conducted himself in professional manner throughout the trial.
On January 26, 1991, Dixon sent a payment along with a letter to his counsel, thanking counsel for the work done on Dixon's case. On May 28, 1991, Larry and Robert Dixon signed a letter addressed to Dixon's counsel authorizing counsel to withdraw their plea agreement made on May 22, 1991. This letter stated in part, "[W]e are completely pleased and satisfied with your representation of us and your representation of us has been competent."
The degree of counsel's alcohol abuse during the course of his representation of Dixon is, at best, based on conflicting evidence. Even assuming alcohol abuse during this period, however, Dixon has not shown that his counsel's representation was ineffective or impaired.
Dixon's alleged "failures" of counsel (to object to the state's argument, to conduct pre-trial investigation, and to call crucial witnesses) do not demonstrate ineffectiveness or prejudicial denial to Dixon of a fair trial.

EXCESSIVE SENTENCE
Having failed to move for reconsideration of the sentence in the trial court, Dixon's claim of excessive sentence is limited to constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). The 40-year sentence imposed upon Dixon, a 32-year-old second felony offender, does not shock our sense of justice and is not needless and purposeless.

DECREE
Dixon's conviction and sentence are AFFIRMED.