PRICE, Judge.
This is an appeal by a licensee from an adverse decision of the district court sustaining the action of the Louisiana Department of Public Safety in revoking his driver’s license.
Artis Evans filed a petition in the district court alleging his driver’s license had been revoked by the Financial Responsibility Division of the Department of Public Safety and asked for a review under the provisions of 32:852, subd. B.
In its answer to plaintiff’s petition, the Department of Public Safety shows plaintiff’s license was revoked under the provisions of R.S. 32:414, subd. B(2), requiring revocation upon receipt of satisfactory evidence of a second offense of driving while intoxicated.
In this posture a hearing was held in the district court resulting in judgment deny *25 ing his request for an order staying the Department of Public Safety from revoking his license.
At the hearing the Department of Public Safety offered evidence of two convictions of plaintiff for DWI. The first offense alleged was in the City Court of Shreveport on April 19, 1973. The second was in the Second Judicial District Court for Bienville Parish, on October 11, 1973. The court in the Bienville Parish proceeding permitted plaintiff to retain his driver’s license under the discretion granted under LRS. 32:414, subd. A as plaintiff was not charged as a second offender.
In brief to this court plaintiff concedes the action taken by the Department of Public Safety was under the provisions of 32:414, subd. B(2) rather than R.S. 32:852(B) relating to the laws on financial responsibility and asserts in brief the revocation of his license is invalid for the following reasons:
1. The first conviction on which the department relied was invalid under the prevailing jurisprudence as he was not afforded counsel at the time he pled guilty to the charge of driving while intoxicated in the City Court of Shreveport on April 19, 1973.
2. He was not afforded a hearing by the administrative agency prior to the order of revocation which is a denial of due process.
3. At the hearing in the district court the Department of Public Safety was permitted to introduce into evidence, over his objection, improperly authenticated documents.
There is no merit to plaintiff’s assignment of errors advanced in paragraphs numbered 1 and 2 above. However, we do not find it necessary to discuss these specifications in detail as his remaining assignment of error is well taken and dispositive of this matter.
The controlling question involved is the admissibility at the judicial hearing afforded a licensee by the provisions of LRS. 32:414, subd. E of the evidence offered by the Department of Public Safety seeking to establish plaintiff’s conviction of DWI in the City Court of Shreveport. The evidence tendered and allowed by the trial judge was a carbon copy of the standard violation ticket on which plaintiff was prosecuted in the City Court. On the reverse side of this ticket appears the printed form for the abstract of the court record showing disposition of the charge as required by LRS. 32:393 with a signature line for the presiding judge. Although the printed initials “D.S.” appear on this line, there was no signature affixed thereon. R.S. 32:393 requires either the judge or clerk certify the information.
We have discussed fully the question of admissibility of evidence required of the Department of Public Safety in a judicial proceeding under 32:414 in the opinion rendered this date in State of Louisiana, Department of Public Safety v. James Gary Moore, 311 So.2d 20 (1975).
Although the disputed violation involved in that proceeding was from another state, we consider the issues completely analogous to this case, and for the reasons given in the above cited opinion we find the evidence purporting to show plaintiff’s conviction in the City Court of Shreveport on April 19, 1973, was inadmissible as it did not bear the certification of the judge or clerk. Therefore, the record does not contain legal, admissible evidence of the facts on which the revocation of plaintiff’s driver’s license is based.
The judgment appealed from is reversed and it is ordered that there be judgment in favor of plaintiff, Artis Evans, and against the Department of Public Safety, Driver’s License Division, annulling and vacating the administrative decision of this department suspending plaintiff’s driver’s license.
The Department of Public Safety shall pay all costs that may be taxed against it by law.