380 So.2d 1250 (1980)
Dayton GUILLOT, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellant.
No. 7443.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
Rehearing Denied March 19, 1980.
*1251 Foye L. Lowe, Jr., Baton Rouge, for defendant-appellant.
Garrett, Ryland & Nunnally, B. Dexter Ryland, Alexandria, for plaintiff-appellee.
Before FORET, CUTRER and DOUCET, JJ.
CUTRER, Judge.
This is a suit brought by Dayton Guillot for the review of a suspension of his driver's license as a result of an alleged second offense of driving while intoxicated. From a judgment reversing the decision of the hearing officers of the Department of Public Safety (Department) and ordering the Department to return Guillot's driver's license, the Department has appealed. Plaintiff has neither appealed, answered, nor filed a brief herein.
The issues on appeal are: (1) Whether certain evidence offered by the Department was admissible; and (2) whether the trial court correctly ordered the return of plaintiff's license.
On February 23, 1979, plaintiff, in his petition, alleged that the Department mailed to him the results of an administrative hearing held by the Department of Public Safety on January 30, 1979. The hearing officers affirmed the Department's suspension of the plaintiff's driver's license based upon its finding that the plaintiff had twice been convicted of driving while intoxicated in violation of LSA-R.S. 14:98. Plaintiff's driver's license was suspended by the Department under the provisions of LSA-R.S. 32:414. This statute provides that the Department shall take the following action:
"... revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:

* * * * * *

"(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, ..." (Emphasis ours)

The Department bears the burden of proving that the plaintiff has incurred two DWI convictions. Fontenot v. State Department of Public Safety, 341 So.2d 80 (La.App. 3rd Cir. 1976); Smith v. Department of Public Safety, 254 So.2d 515 (La. *1252 App. 4th Cir. 1971). The evidence required in proving the case must be legal, admissible evidence. Fontenot v. State Department of Public Safety, supra.
To prove its case, the Department offered several documents.[1] The exhibit labeled "D-2" was a certified copy of a uniform traffic ticket and complaint issued October 20, 1977, in Alexandria, Louisiana, to Dayton Guillot, whose address was listed as "P.O. 253 Mansura, LA." The operator's license number was listed as "1403559." The automobile involved was a 1967 Green Four Door Ford, license number 43L618. The offense listed was "DWI 2nd" [R.S. 14:98(C)]. On the ticket, however, was also written the words "amend to 1st offense D.W.I." The reverse of the ticket indicates that the offender pleaded guilty and was fined $250 plus $16 in costs. The order was signed by City Court Judge George M. Foote. Attached to the ticket, and part of the same certified exhibit, was a copy of the court minutes of the City Court of Alexandria for November 10, 1977. These minutes reflect that such a guilty plea was entered.
It is clear that this ticket reflected a DWI conviction and sentence of the plaintiff. Plaintiff had no objection to this document being admitted into evidence.
To prove another DWI conviction, the Department also offered into evidence a certified copy of a uniform traffic ticket and complaint dated May 22, 1976 issued in Baton Rouge, Louisiana, to Dayton Guillot, whose address was listed as 2640 Rampart Drive, New Orleans, LA. The date of birth was given as "3-7-41." The operator's license number was 1403559 and the automobile was a 1967 Green Four Door Ford, license number 43L618. The offense listed was "R.S. 14:98 DWI." The reverse side indicates Guillot was arraigned on "6-1-76," advised of his rights, and fined $125 or 30 days in jail with court costs of $5. This disposition was signed neither by the clerk nor the judge of the Municipal Court of Baton Rouge. The certification by the deputy clerk of court read as follows:
"I hereby certify that the reverse side is a true and correct photostatic copy of the original on file."
Defendant's objection to the admissibility of this document was sustained. The trial judge ruled that the copy did not comply with the requirements of R.S. 32:393 which, in part, reads as follows:
"C. Every court in this state shall keep a full report of every case in which a person is charged with violation of any provision of this Chapter or any regulation of the department or the commissioner adopted pursuant thereto, or any law of this state or of any municipal or parish governing authority lawfully established for regulating the operation of motor vehicles on highways. If such person is convicted, or his bail is forfeited, or other final disposition be made, an abstract of the report, all parking convictions only excepted, shall be sent by the court or the district attorney, as the case may be, to the commissioner not later than thirty days after the date of such person's conviction or forfeiture of his bail or the final disposition of his case. This report shall not be a court record.

"D. Abstracts required by this Section shall be made on forms prepared by the commissioner and may include all necessary information as to the parties to the case, the nature of the offense, the date of hearing, the plea, the judgment, the amount of the fine or forfeiture, as the case may be, or the final disposition. Every such abstract shall be certified by the judge or clerk of such court, as a true abstract of the records of the court. If the abstract is sent by the district attorney, it shall be certified by him as a true *1253 abstract of the final disposition of the case as contained or found in the files of his office." (Emphasis ours)

The order on the reverse side of the ticket was not signed by the clerk or the city court judge. The trial judge ruled that the copy was inadmissible since it did not show the final disposition of the charge and there was no indication that the certified copy was an abstract of the court record under R.S. 32:393.
We agree with the trial court that the certification does not comply with the requirements of R.S. 32:393 D. The certification shows nothing more than the fact that the copy of the ticket is a true copy of the original ticket on file. It does not certify that the ticket is a true copy of the abstract of the court records showing the disposition of the case. Since the ticket did not bear the proper certification it was properly held to be inadmissible for the purpose of proving the DWI conviction. See Evans v. State, Dept. of Pub. Safety, Fin. Respon. Div., 311 So.2d 24 (La.App. 1st Cir. 1975).
The Department also attempted to produce an original letter from City Judge William Hawk Daniels to the Administrator of the License Control & Driver Improvement Division of the Department. This letter dated June 22, 1976 stated that Dayton J. Guillot of 2460 N. Rampart Street, New Orleans, Louisiana, Operator License Number 1403559 pleaded guilty to a charge of DWI in the City Court of Baton Rouge. The court, according to the letter, levied a fine of $125 or 30 days in jail and $5 in court costs. The letter further recommended that the offender be allowed to retain his driver's license.[2]
The trial court refused to allow the admission of this document into evidence. The Department contends that the letter should be admissible as a "business record" of the court, and thus, an exception to the hearsay rule.
We have found no authority that would allow the classification of such letters as "business records." We need not decide this issue, however, for the reason that the Department did not lay the necessary foundation for the admissibility of the letter. The Department did not introduce any testimony to identify the letter, to authenticate the letter as having been written by Judge Daniels, or to show that the letter had come from the proper public office where such official records are kept. Therefore, since no foundation was laid for the introduction of the letter, it was properly excluded.
The Department further contends that the plaintiff in his "Exceptions of Prescription and/or Laches" admits two DWI convictions.[3] The pertinent paragraph of the exception reads as follows:

"I.

"Exception shows that the second conviction in the name of Dayton Guillot for driving while under the influence of intoxicating beverages occurred on November 10, 1977 in the Ninth Judicial District Court in and for the Parish of Rapides, State of Louisiana." (Emphasis added.)

The Department contends that the petitioner, in this pleading, admitted to two DWI convictions. The paragraph which is alleged to support this position does not allege when the first conviction occurred. The second conviction must have occurred not more than five years after the first conviction. The plaintiff's exception does not state the date of the first conviction. He therefore does not admit circumstances *1254 which would cause R.S. 32:414 B to come into effect.
The Department also contends that a hearsay document introduced by plaintiff labeled "P-1" supports its position and proves its case. This document is the report of the Department's hearing officers which affirmed the suspension of the plaintiff's license. The hearing officers state that the plaintiff was convicted twice of driving while intoxicated; once on June 17, 1976 and again on November 10, 1977.
The position of the Department is without merit. The document shows the result of the Department's administrative hearing. The plaintiff has a right to apply to the district court for a hearing and to have the Department prove its case de novo. The contention of the Department that its case is proved by the admission of the hearing results would have the effect of depriving the plaintiff of his right to a de novo hearing in the district court. The district court is in no way bound by the results of the administrative hearing of the Department. Therefore, the introduction of the document does not prove that plaintiff was twice convicted of driving while intoxicated in violation of LSA-R.S. 14:98.
A document alleged to be a computer printout showing the driving record of Dayton J. Guillot was received into evidence as "D-4" over the objection to plaintiff's counsel. The court admitted the evidence based on LSA-R.S. 32:1473, which provides that:
"The Department of Public Safety shall certify the conviction record as maintained in its office of any person whose record brings him within the definition of a habitual offender, as defined above, to the district attorney of the judicial district in which such person resides according to the records of the Department of Public Safety or to the district attorney for the parish of East Baton Rouge if such person is not a resident of this state. Such abstract may be admitted as evidence. Such abstract shall be competent evidence that the person named therein was duly convicted by the court wherein such conviction or holding was made by each offense shown by such abstract."
This statute is found in the Habitual Offender Law.
The trial judge reasoned that since this type of document was admissible in cases involving habitual offenders, it should likewise be admissible in cases of license suspensions, or revocations under LSA-R.S. 32:414.
As noted earlier, the plaintiff has filed no answer, appeal or brief on this appeal, and thus does not contest the admissibility of this document on appeal.
The trial judge ordered the return of plaintiff's license based upon his finding that the Department's evidence did not show that the plaintiff was the same person the Department alleges was twice convicted of DWI because the Alexandria ticket ("D-2") and the alleged computer printout ("D-4") showed different addresses.
Even though the persons appear to be one and the same, and even though the document was admitted into evidence, we find that the document does not prove that the plaintiff was twice convicted of DWI. We note that the certification bears only a facsimile signature of Allen M. Posey, Administrator of the Driver Management Bureau. We seriously question a certification that bears a facsimile signature instead of the actual signature of the proper official. It is not necessary to decide this issue, however. If the documents with such "certification" were admissible under LSA-R.S. 32:1473, as applied by analogy, the printout does not comply with the other requirements of that statute. The certification does not establish that the "Administrator of the Driver Management Bureau" is the legal custodian of the conviction records maintained in the office of the Department of Public Safety. A valid certification must clearly indicate that the person certifying the copy has been entrusted with legal custody of the original document by the original official custodian. State v. Martin, 356 So.2d 1370 (La.1978). The certification does not specify that the *1255 document is the abstract of the conviction record of Dayton J. Guillot maintained by the Department. No testimony was offered by the Department that "D-4" was an abstract of the conviction records of Dayton J. Guillot. Even though the document was admitted into evidence, such document does not establish a second conviction because it does not meet the requirements of R.S. 32:1473.
In conclusion, we find that the Department proved a DWI conviction on November 10, 1977. For the reasons set forth above, however, the Department has failed to present satisfactory evidence of a second DWI conviction as required by LSA-R.S. 32:414.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] The plaintiff did not appear at the trial of the case. He was not subpoenaed to testify on cross examination by the Department. The Department, through counsel, commented on the absence of the defendant, pleaded surprise and asked that the case be held open for defendant's testimony. This was objected to by plaintiff's counsel on the ground that the Department had been given the defendant's address 10 days before trial and no subpoena had been issued. The court sustained the objection and proceeded with trial. The Department presented its case by documentary evidence only.
[2] LSA-R.S. 32:414 A authorizes such letters of recommendation:

"A. The department shall, unless otherwise directed by the court having jurisdiction of the case, suspend the license of any person for a period of sixty days.... Where such district, city, municipal or federal judge or magistrate has affirmatively recommended that the driving privileges of a person convicted as above not be suspended, the judge or magistrate may, in his discretion, also render an order circumscribing, limiting, or restricting the driving privileges of such licensee for a period not to exceed ninety days from the date of such conviction...." (Emphasis added)
[3] The exception was referred to the merits.