515 So.2d 1147 (1987)
Lawrence L. LAGARDE, Jr.
v.
ALLSTATE INSURANCE COMPANY.
No. 87-CA-300.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
Writ Denied January 8, 1988.
*1148 Emile J. Dreuil, Jr., New Orleans, for plaintiff-appellant.
Donovan & Lawler, P.C., Christopher E. Lawler, Joseph F. d'Aquin, III, Metairie, for defendant-appellee.
Before CHEHARDY, C.J., and GRISBAUM and GOTHARD, JJ.
CHEHARDY, Chief Judge.
Lawrence L. Lagarde, Jr., an attorney, sued Allstate Insurance Company, alleging tortious interference with a contract between Lagarde and two of his clients. The district court dismissed the case, with prejudice, after granting the defendant's exception of no cause of action. The plaintiff appeals.
An objection of no cause of action is raised as a peremptory exception. LSA-C. C.P. art. 927(4). This exception tests the legal sufficiency of the petition. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). It raises the issue of whether the law grants a remedy to anyone for the particular harm alleged. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972); Scariano Bros. v. Hammond Const., 428 So.2d 564 (La.App. 4 Cir.1983).
No evidence may be introduced to support or controvert an objection that the petition fails to state a cause of action. Such must be decided on the face of the petition, accepting all well-pleaded facts as true. LSA-C.C.P. art. 931. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970).
At issue is whether Louisiana law recognizes a cause of action for tortious interference with a contract. Plaintiff's petition alleges the following relevant facts:

"III.
In the course of practicing law, petitioner accepted a personal injury and damage claim on behalf of Denise Morales and her husband, Rickey Morales.

* * * * * *

VII.
In addition to notifying defendant of petitioner's representation of Mr. and Mrs. Morales, petitioner filed a personal injury and damage claim against defendant in proceedings no. 273-374 of the 24th Judicial District Court for the Parish of Jefferson. In the course of his representation of Mr. and Mrs. Morales, petitioner wrote many letters to defendant, provided defendant with medical reports, discussed settlement with defendant's attorney and defendant's claims supervisor assigned to this claim, attended depositions at the office of defendant's attorneys and in general performed many valuable legal services on behalf of Mr. and Mrs. Morales, which were well known by defendant.

* * * * * *

IX.
Despite all of the above, defendant's claims supervisor later entered into direct settlement negotiations with Mr. and Mrs. Morales.

* * * * * *

XV.
Despite all of the above, defendant's attorney proceeded to settle with Mr. and Mrs. Morales for $30,000.00, out of which sum defendant's attorney did remit to petitioner a check for only $6,500.00.

* * * * * *

XVII.
The above activities and behavior of defendant and defendant's agents constitute a tortious offense in that defendant counseled with, schemed and purposely encouraged Mr. and Mrs. Morales to breach their contingency fee contract with petitioner by virtue of the fact that defendant well knew that Mr. and Mrs. Morales would accept the $30,000.00 offer previously obtained by petitioner, but only if Mr. and Mrs. Morales could escape payment of all or part of the fees and reimbursements which were legally *1149 due by Mr. and Mrs. Morales to petitioner."
Lagarde cites Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984), and PPG Industries, Inc v. Bean Dredging, 447 So.2d 1058 (La.1984), as authority for the recognition of this tort. Allstate contends it was not a party to the employment contract between Lagarde and Mr. and Mrs. Morales. Further, Allstate argues that one who is not a party to a contract is not liable in damages to one of the parties to the contract for inducing the other party to breach.
In Forcum-James Co. v. Duke Transportation Co., 93 So.2d 228 (La.1957), the Supreme Court established the rule that there is no cause of action for tortious (intentional or negligent) interference with a contract. This ruling has not been changed to date.
In PPG Industries, supra, the Supreme Court reaffirmed the Forcum-James holding as it applies to a cause of action for economic losses resulting from negligent interference with a contract. Regarding intentional interference with a contract, the Court commented as follows:
"[R]ecovery for intentional interference with contractual relations has been permitted in every jurisdiction in this country except Louisiana. Malone, The Work of the Louisiana Appellate Courts for the 1963-1964 TermTorts, 25 La.L.Rev. 341 (1965). See also W. Prosser, Law of Torts § 129 at 930 (4th Ed.1971). There is considerable sentiment for permitting recovery in Louisiana for intentional interference with contracts, such as by the deliberate inducing of breach of contract. However, that issue is not presented in this case." 447 So.2d at 1059, n. 1.
In the more recent case of Sanborn, supra, plaintiff sought damages from his former employer, Oceanic Contractors, Inc., claiming that eight months after his employment relationship with Oceanic had been terminated, Oceanic prevented him from working in the Middle East for another employer with whom he had contracted. He alleged that Oceanic had failed to release the work visa issued to him by the host country, thereby preventing him from obtaining a work visa for his new employment as required by the immigration laws of the host country. The trial court ruled that plaintiff failed to state a cause of action and dismissed the suit. The court of appeal affirmed.
The Supreme Court granted writs stating, "On plaintiff's application, we were prompted to grant writs, not because of his contention that his petition and supplemental petitions stated a cause of action, but rather, because it appeared from the entire record * * * that a properly amended petition might do so." Sanborn, supra, at 92-93. The case was remanded to allow plaintiff to amend his petition to assert Oceanic's legal duty to release the visa, under an abuse of rights theory. The court did not discuss whether plaintiff's original petition stated a cause of action for tortious interference with a contract. (One justice issued a concurring opinion, asserting that in his view the petitioners sufficiently stated a claim for intentional interference with contractual relations.)
It is clear that Louisiana does not yet recognize a cause of action for negligent interference with a contract. Although the Supreme Court has indicated, in dicta, that recovery eventually may be permitted for intentional interference with contracts, such is not available at the present time.
We are bound by of the Louisiana Supreme Court's most recent expression of the law. We must, therefore, rely on Forcum-James, supra, and hold that the petition fails to state a cause of action.
We note, parenthetically, that the plaintiff could have protected his interest by executing a written contract with his clients and filing it with the clerk of court, as provided in LSA-R.S. 37:218, and then intervening in the suit after his clients dismissed him as their counsel.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellant.
AFFIRMED.