579 So.2d 1150 (1991)
Donald R. TUTTLE, Plaintiff,
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, STATE OF LOUISIANA, Defendant.
No. 22374-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
Robert L. Roshto, Baton Rouge, for defendant-appellant.
Alma S. Jones, Bossier City, for plaintiff-appellee.
Before NORRIS, HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge.
The Louisiana Department of Public Safety ("DPS") appeals a judgment granting plaintiff a restricted driver's license. For reasons hereinafter expressed, we reverse and remand.

*1151 FACTS
On May 3, 1990, plaintiff, Donald R. Tuttle, brought an action for a restricted driver's license pursuant to LSA-R.S. 32:415.1. His petition acknowledged two convictions for driving while intoxicated, the first occurring in 1988, the second on April 30, 1990. Although further asserting that his driving privileges had recently been revoked for one year, the pleading failed to aver this as the first revocation or suspension of his license.
At a scheduled contradictory hearing on May 17, the trial judge noted that DPS had been served on May 9 but had filed no answer into the record. Neither did the State make an appearance at those proceedings. Actually, however, on the hearing date, the State had filed an answer and also an exception of no cause of action. In any event, after receiving plaintiff's testimony, the lower court granted the restricted license.
On appeal, DPS asserts two assignments of error and has again filed its exception. Finding that plaintiff's petition failed to state a cause of action, and that this matter should be remanded, we do not reach the second assignment.

DISCUSSION
Both the State's peremptory exception of no cause of action and the first assignment of error challenge the petition, asserting that it failed to affirmatively allege that this is the initial suspension of plaintiff's driving privileges.
LSA-C.C.P. Art. 2163 authorizes appellate consideration of a peremptory exception of no cause of action filed for the first time in the reviewing court. Murphy Oil Corp. v. Gonzales, 316 So.2d 175 (La. App. 4th Cir.1975), writ refused, 320 So.2d 558 (La.1975). No evidence is admissible to support or controvert that objection, LSA-C.C.P. Art. 931; Lagarde v. Allstate Ins. Co., 515 So.2d 1147 (La.App. 5th Cir.1987), writ denied, 516 So.2d 368 (La.1988), which is intended to test the legal sufficiency of the petition, Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). Instead, the issue must be decided solely on the face of the petition, accepting all well-pleaded facts as true. American Creosote Co. v. Springer, 257 La. 116, 241 So.2d 510 (1970).
It is fatal to a plaintiff's claim, of course, when his petition fails to state that the current suspension is his first. Burchfield v. State, Dept. of Public Safety, 432 So.2d 1149 (La.App. 3d Cir.1983); Crooks v. Department of Public Safety, 401 So.2d 638 (La.App. 3d Cir.1981), writ denied, 404 So.2d 1257 (La.1981); Sibley v. Louisiana, Department of Public Safety, 385 So.2d 505 (La.App. 1st Cir.1980). Lacking such an allegation, plaintiff has not set forth a cause of action. Kleckley v. State, Dept. of Pub. Safety, 502 So.2d 213 (La.App. 3d Cir.1987); Crooks, supra. Accordingly, we sustain the peremptory exception filed with this court.[1]
A copy of a computer printout of plaintiff's driving record, attached to the answer and exception, reflects that this is his second suspension. However, the certification of the document bears only an apparently photocopied signature of the purported custodian, and also fails to establish, by specifying title or position, that the certifying party is an official custodian of the records. See LSA-C.E. Art. 904 and comments. See also State v. Martin, 356 So.2d 1370 (La.1978); State v. Lattier, 377 So.2d 450 (La.App. 2d Cir.1979); Guillot v. St. of La., Dept. of Pub. Safety, 380 So.2d 1250 (La.App. 3d Cir.1980), writ denied, 384 So.2d 795 (La.1980). Without proper certification, this material cannot be considered by this court. Thus, despite the probability that plaintiff cannot truthfully allege this as his first suspension, we are compelled to remand the case to afford him the opportunity *1152 to state a cause of action by properly amending his pleadings.

CONCLUSION
For the foregoing reasons, the trial court judgment is reversed and the case is remanded. From the date this judgment becomes final, plaintiff is hereby granted a period of fifteen days to amend his petition as indicated, or suffer dismissal of his suit with prejudice. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] Prior to rendering judgment, the trial court considered neither the answer nor peremptory exception. That would not, however, affect our authority to notice the objection, LSA-C.C.P. Art. 927; Pogue v. Ray, 272 So.2d 454 (La.App. 2d Cir.1973); Bd. of Trustees Mortg. Fin. Auth. v. All Taxpayers, 336 So.2d 303 (La.App. 1st Cir. 1976), even in the absence of the exception now filed on appeal.