618 So.2d 915 (1993)
STATE of Louisiana,
v.
Vernon L. FONTENOT.
No. 92 KA 0861.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*917 John Schoonenberg, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of LA.
William H. Dunchelman, Office of Indigent Defenders, Houma, for defendant and appellant, Vernon L. Fontenot.
Vernon Fontenot, pro se.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
Vernon L. Fontenot was charged by bill of information with two counts of armed robbery, violations of LSA-R.S. 14:64. He pled not guilty and, after trial by jury, was convicted as charged. The court sentenced him on each count to serve a concurrent term of thirty-five years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, and with credit for time served. Defendant has appealed, urging five assignments of error.

FACTS
On September 23, 1988, defendant, Frederick Lewis, and Van Wolfe, III, robbed the employees of two convenience stores in Houma, Louisiana. Prior to planning the robberies, the three men went to Mr. Wolfe's mother's house for Mr. Wolfe to eat supper. Defendant remained in the car. When Mr. Wolfe returned to the car, he showed defendant and Mr. Lewis a gun. Defendant then encouraged the two men (both of whom were still teenagers) to commit a robbery. He told the men, "As *918 young as you all is you all go rob a few stores...." With defendant as the driver, the men rode around until Mr. Wolfe selected a Time Saver store to rob.
At approximately 7:30 p.m., Mr. Lewis and Mr. Wolfe went into the store and played video games. After the other customers left the store, Mr. Lewis walked to the counter. He pointed Mr. Wolfe's gun at the sales clerk and demanded that she give him all the money. The store manager told the clerk to comply with the order. The clerk estimated she gave Mr. Lewis approximately $35.00. During the robbery, Mr. Wolfe stood back and watched. After receiving the money, Mr. Lewis and Mr. Wolfe quickly left the store, ran around the block, and jumped into the car that defendant had waiting for them. The men split the money three ways.
Later, the men decided to commit another robbery. At approximately 9:00 p.m., they went to a different Time Saver. Again Mr. Wolfe and Mr. Lewis went into the store, while defendant waited in the car. After Mr. Wolfe and Mr. Lewis played video games and waited for the other customers to leave the store, Mr. Wolfe pointed the gun at the manager's head and demanded all the money in the cash register. The manager estimated he gave the men approximately $47.00. The men also stole about five or six cartons of cigarettes. As the men ran from the store, Mr. Wolfe fired a shot from the pistol. Mr. Wolfe and Mr. Lewis then ran to a nearby apartment complex as planned, where they escaped by car with defendant as the driver. The license plate number of the getaway vehicle was secured by a passerby who was suspicious that a robbery had occurred. The vehicle was registered to Renetta Fontenot from Jennings, Louisiana. Defendant later was arrested in Jennings.

INTRODUCTION OF OTHER CRIMES EVIDENCE
In assignment of error number one, defendant asserts error occurred when the state questioned Mr. Lewis concerning defendant's use of cocaine and alcohol on the date of the offenses. Defendant admits his trial counsel did not object to the testimony, and he argues counsel was ineffective for failing to object to the testimony.
Frederick Lewis testified as a witness for the state. During his testimony, the state attempted to establish the activities of defendant prior to the robberies, in particular to establish defendant's attempts to convince Mr. Lewis and Mr. Wolfe to commit the offenses. After explaining how the three men got together that day, Mr. Lewis testified that, prior to the robberies, the three men went to a game room and then drove to a particular area of Houma for Mr. Wolfe to purchase some drugs. At about 5:00 p.m., Mr. Wolfe bought cocaine. When the prosecutor asked Mr. Lewis what happened to the cocaine, Mr. Lewis responded that defendant snorted the cocaine. An additional reference to cocaine usage occurred when Mr. Lewis explained the activities of the trio after the first robbery. After splitting the money three ways, the men returned to the game room. Mr. Wolfe bought some more cocaine, which defendant used while in his car.
Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. State v. McDermitt, 406 So.2d 195, 200 (La.1981). Citing LSA-C.E. art. 404B(1), the state argues defendant's cocaine usage was admissible as an integral part of the offenses and to establish the chain of events which occurred prior to the robberies.
Article 404B(1) of the Code of Evidence authorizes the admission of evidence of other crimes, wrongs, or acts when the evidence "relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." In State v. Brewington, 601 So.2d 656 (La.1992) (per curiam), the Louisiana Supreme Court indicated its approval of the admission of other crimes evidence (under this portion of article 404(B)(1)) "when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." 601 So.2d *919 at 657. See State v. Dorsey, 593 So.2d 1372, 1375 (La.App. 5th Cir.1992) ("continuous, unbroken sequence"); State v. Prater, 583 So.2d 520, 522-23 (La.App. 3d Cir.1991) ("so nearly connected to the charged offense that the prosecution could not accurately present its case without reference to them"). See also State v. Bland, 419 So.2d 1227, 1230 (La.1982) ("continuous criminal transaction"); State v. Schwartz, 354 So.2d 1332, 1334 (La.1978) ("so closely connected that the indictment or information as to the instant crime is deemed to carry with it notice as to the other crime as well") (quoting G. Pugh & J. McClelland, Evidence, 35 La.L.Rev. 525, 527 (1975)); G. Pugh, et al, Handbook on Louisiana Evidence Law, p. 268, authors' notes no. 6 (1992 ed.).
Under the facts of this case, it is doubtful whether defendant's cocaine usage, especially the usage which occurred prior to the robberies, was an "integral part of the act or transaction." Although Mr. Lewis testified extensively concerning the plans for the robberies, his testimony does not support finding any connection between defendant's cocaine usage and the offenses, other than the events' occurring on the same day. He was not asked if the robberies were committed to secure additional money to purchase cocaine; and his testimony did not imply the robberies were committed for that reason.
However, for the following reasons, we reject the assignment of error. To preserve the right to appeal an erroneous trial court ruling which admits evidence, the objecting party must make a timely objection and state the specific ground of objection. LSA-C.E. art. 103A(1). See also LSA-C.Cr.P. art. 841; State v. Sosa, 328 So.2d 889, 892 (La.1976). Defense counsel did not object to the testimony. Accordingly, defendant is barred procedurally from advancing his claim that the evidence was improperly admitted.
Defendant's argument that trial counsel was ineffective for failing to object also is barred procedurally. The issue of the effectiveness of counsel was not assigned as error. In accord with the well-established jurisprudence of the Louisiana Supreme Court, this court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. State v. Williams, 319 So.2d 404 (La.1975); State v. Spears, 525 So.2d 329, 330 n. 4 (La.App. 1st Cir.), writ denied, 532 So.2d 175 (La.1988).
Additionally, under the existing record we are unable to review the merits of the ineffectiveness claim. Mr. Lewis was the main witness testifying against defendant. The defense cross-examination of Mr. Lewis reveals attempts to discredit his testimony with evidence of alcohol and drug use. Thus, defense counsel might have had a tactical reason for not objecting to the testimony of drug usage. If defendant seeks to pursue his claim of ineffective assistance of counsel, his proper remedy is by post-conviction relief, wherein an evidentiary hearing could be conducted. See State v. Walter, 542 So.2d 586, 590 (La.App. 1st Cir.), writ denied, 546 So.2d 1222 (La.1989).
The assignment of error is without merit.

EVIDENTIARY RULING DURING TESTIMONY OF LEWIS
In assignment of error number two, defendant argues the court erred when it overruled his objection to certain testimony by Mr. Lewis concerning defendant's reasons for not going into Mr. Wolfe's mother's house prior to the robberies. Defendant contends the testimony was improper opinion evidence and was merely speculation on the part of Mr. Lewis.
On direct examination, Mr. Lewis testified that, before the first robbery, the men went to Mr. Wolfe's mother's house for Mr. Wolfe to eat supper and change clothes. After leaving the house, Mr. Wolfe showed the three men a gun. The implication was that Mr. Wolfe picked up the gun while he was at home. On cross-examination, Mr. Lewis explained that defendant remained in the car while he and Mr. Wolfe went inside. The state questioned Mr. Lewis on redirect concerning defendant's reasons for not going into the house: "Do you know why Fontenot didn't go inside when you stopped at Van Wolfe's mother's house?" Mr. *920 Lewis replied, "I guess because he a pro at this, you know, didn't want nobody to see his face." After Mr. Lewis' reply, defense counsel objected as follows: "Objection, Your honor. He asked him a direct question `Do you know why?' I don't think it calls for him to tell the court or the jury that Mr. Fontenot is a pro at anything." The court overruled the objection.
When objecting to evidence, a defendant is required to state the specific ground of the objection. LSA-C.E. art. 103A(1). The reasons for the objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. State v. Daughtery, 563 So.2d 1171, 1178 (La.App. 1st Cir.), writ denied, 569 So.2d 980 (La.1990). A defendant is limited on appeal to the grounds for the objection which were articulated at trial. State v. West, 419 So.2d 868, 876 (La.1982).
In this case, the apparent basis of defendant's objection before the trial court was that Mr. Lewis's answer was not responsive to the question. Thus, defendant's claims on appeal are beyond the assignment of error and defendant is barred procedurally from advancing this assignment.
Furthermore, even if we were to review the substantive merits of defendant's claim, we would find no reversible error. Mr. Lewis' statement that defendant was a "pro" did not affect any substantial right of defendant.
The assignment of error is without merit.

INTRODUCTION OF STATE EXHIBIT 2
In assignment of error number three, defendant maintains the court erred when it overruled the defense objection to the introduction of State Exhibit 2. Exhibit 2 is a certified copy of a computer printout from the Office of Motor Vehicles showing the ownership registration (to Renetta Fontenot) of a particular automobile. The license number is that provided by the passerby who witnessed the men fleeing from the second robbery scene. When the state introduced the exhibit, defendant objected on the ground that an employee from the Department of Public Safety had not testified concerning the document. On appeal, defendant relies on LSA-C.E. art. 804B(5) in support of his argument that the state failed to properly authenticate the exhibit as a business record.
LSA-C.E. arts. 901 and 902 provide the mechanism for authenticating documents of this type. There are several ways to identify and authenticate documents, such as calling the witnesses with knowledge who can say what the document is, where it comes from and how it is kept. There are also certain documents which are self authenticating. Since no witness was called to identify this document, apparently this was not the basis on which authentication was to be founded. For a document to be properly certified it must: 1) identify the name of the officer certifying the document; 2) certify that he either has custody of the records or is authorized to make a certification; and 3) he must state, if he is not presenting the original, that the document is a true copy of the original. The certification in question on Exhibit No. 2 reads as follows:
The undersigned as a legal custodian of the original documents on file in the
Office of Motor Vehicles certified this copy is a true and correct copy of the
original document from which title number L5040219 was issued.
 [signature of J. Cox] 
( ) Assistant Secretary
( ) Deputy Assistant Secretary
( ) Administrator
( ) Assistant Administrator
( ) Program Supervisor
*921 This document appears to meet the criteria of a certified Louisiana public document under LSA-C.E. arts. 902(2)(B) and 904. The document identified the officer as a supervisor with the Office of Motor Vehicles. It further states that this person is a custodian of the original documents and it also contains a certification that this document is not the original, but a true and correct copy of the original. Louisiana case law interpreting these statutes have strictly construed them and would require close adherence to the requirements set forth in articles 902 and 904 of the Louisiana Code of Evidence. See Tuttle v. Department of Public Safety and Corrections, 579 So.2d 1150 (La.App. 2d Cir.1991).
We further find that the document falls within the exception to the hearsay rule expressed in LSA-C.E. art. 803(8).
Nevertheless, even if Exhibit No. 2 was not properly admitted, such error would be harmless. Before the state sought introduction of the exhibit, two detectives had already testified that their investigation revealed that the vehicle was registered to Renetta Fontenot. Defendant did not object to this testimony and also did not object to the introduction of Exhibit No. 1, a teletype message sent by one of the detectives which lists Renetta Fontenot as the registered owner of the vehicle and seeks confirmation of her ownership. Thus, Exhibit No. 2 was cumulative of other evidence previously introduced.
The assignment of error is without merit.

SUFFICIENCY OF THE EVIDENCE
In assignment of error number four, defendant maintains the evidence was insufficient. He specifically argues that the testimony of Mr. Lewis was not credible.
In reviewing claims challenging the sufficiency of the evidence, this court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979) (emphasis in original). See also LSA-C.Cr.P. art. 821B; State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
Defendant's sole claim regarding the sufficiency of the evidence is that Mr. Lewis' testimony should not be considered sufficient to support a conviction because he was not credible. It is well-settled that the trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). A reviewing court is not called upon to decide if it believes the witnesses or if the conviction is contrary to the weight of the evidence. Mussall, 523 So.2d at 1311. If "rational" triers of fact could disagree as to the interpretation of the evidence, a rational trier's view of all of the evidence most favorable to the prosecution must be adopted. Mussall, 523 So.2d at 1310. Only "irrational" decisions to convict will be overturned. See Mussall, 523 So.2d at 1310.
Under the facts of this case, the jury's decision to accept the testimony of Mr. Lewis was rational. His testimony concerning the details of the offenses was corroborated by the employees of the convenience stores. Although he was the only witness who identified defendant as being the driver of the getaway car, he provided detailed information concerning the plans for the robberies and his identification of defendant was partially corroborated by the fact that the getaway vehicle was registered to someone with the same last name as defendant.
The assignment of error is meritless.

EXCESSIVE SENTENCE
In assignment of error number five, defendant contends the court erred by imposing excessive sentences. Defendant specifically argues the court erred when it considered defendant's prior arrests. He also asserts the court gave inadequate consideration to the fact defendant was merely the getaway driver and Mr. Lewis, the actual perpetrator of the first offense, received only a ten year sentence.
*922 The statutory penalty for armed robbery is imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64B. Thus, defendant's concurrent sentences of thirty-five years at hard labor, without benefit of parole, probation, or suspension of sentence, comply with the statutory requirements.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or is nothing more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La. 1992).
Because there was compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. Article 894.1 (prior to its amendment by 1991 La.Acts, No. 22, § 1) requires the trial court to weigh both aggravating and mitigating circumstances in imposing sentence. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. Waguespack, 589 So.2d at 1086.
Before sentencing defendant, the trial court reviewed defendant's criminal record. The court noted a felony conviction for accessory after the fact of armed robbery, for which defendant was sentenced to three years in 1979. Defendant also had arrests for unauthorized use of a movable, purse snatching, driving while intoxicated, failure to maintain control, and felon in possession of a firearm. The court considered defendant's involvement in the instant offenses. Although defendant remained in the automobile as the driver, he enticed the two young men to commit the robberies. Unlike the teenage codefendants, defendant was thirty-five years old. The court determined that danger was imposed on the victims of the two robberies and concluded that lesser sentences would deprecate the seriousness of the offenses. The court found no indication defendant acted under any strong provocation and no indication that the victims induced or facilitated the crimes. The court recognized that imprisonment would impose a hardship on defendant's family.
These detailed reasons provided by the court and the facts of the offenses justify the sentences imposed. Defendant's argument that the court erred when it considered defendant's prior arrests is without merit. Consideration of a defendant's prior criminal activity, as authorized by LSA-C.Cr.P. art. 894.1B(7) (prior to its amendment by 1991 La.Acts, No. 22, § 1), is not limited to convictions. See State v. Washington, 414 So.2d 313, 315 (La.1982). Additionally, the court's determination that defendant persuaded the teenagers to commit the robberies is supported by the trial testimony. In our view, the court complied with the article 894.1 guidelines and the sentences imposed are not excessive.
The assignment of error is without merit.
In consideration of the above, the convictions and sentences of defendant are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.