hPEATROSS, Judge.
Defendant, Bobby D. Honeycutt, Jr., was charged with and convicted by a jury of driving while intoxicated' — fourth offense, in violation of LSA-R.S. 14:98. The trial court sentenced Defendant to ten years at hard labor but ordered five years of the sentence suspended and placed Defendant on supervised probation for five years with special conditions and ordered that the five remaining years be served without benefit of probation, parole or suspension of sentence. Defendant appeals his conviction and sentence assigning the following as error: (1) the allowance of faxed copies of the bill of information and court minutes from a previous DWI conviction in DeSoto Parish as proof of a predicate offense; (2) the allowance of testimony by Caddo Parish employees regarding the DeSoto Parish conviction; and (3) the denial of the motion for mistrial based on prosecutorial misconduct allegedly resulting from the mid-trial disclosure of the faxed copies of the DeSoto Parish documents. For the following reasons, Defendant’s conviction and sentence are set aside and the matter is remanded to the trial court with instructions.
FACTS
On February 4, 1995, Officer R.W. Ellis, with the Shreveport Police Department, noticed the Defendant driving a vehicle which had no rear view mirror and which had a crack in the windshield that obscured the driver’s view. After being stopped for these infractions, the Defendant exited his vehicle and exhibited signs of intoxication. The Defendant was arrested and transported to the selective enforcement office for the administration of an intoxilyzer test, which he refused to take.
Defendant was charged by bill of information with driving while intoxicated — fourth offense in violation of LSA-R.S. 14:98.4.[1] The bill of | information listed the following three predicate offenses: 1) a DWI conviction in Caddo Parish (Case No. 170,055) on September 15, 1994; 2) a DWI conviction in Bossier Parish (Case No. 70,320) on June 24, 1991; and 3) a DWI conviction in DeSoto Parish (Case No. 58,931) on August 13,1986.
At the beginning of trial, the Assistant District Attorney (“ADA”) attempted to file an amended bill of information charging the Defendant as a fourth offender based on the Caddo and Bossier convictions listed in the original bill of information, but replacing the DeSoto conviction with another Caddo Parish DWI conviction (Case No. 170,799). The Defendant objected to this amendment as being substantive and the trial court ordered the State to proceed to trial on the original bill of information.
During the trial, the ADA attempted to prove the DeSoto Parish DWI conviction as a predicate offense by introducing into evidence faxed copies of the bill of information and the minutes from that proceeding and by calling Caddo Parish employees to testify regarding these documents. The Defendant objected to the introduction of this evidence based upon the State’s failure to produce the records until the second day of trial and the lack of certification or authentication of the records. The trial court allowed the documents to be introduced into evidence and the jury convicted Defendant of the crime charged.
DISCUSSION
In his first assignment of error, the Defendant argues that the trial court committed reversible error by admitting into evidence the faxed copies of the bill of information and minutes from the DeSoto DWI conviction. The Defendant asserts three arguments in support of this assignment of error. First, *720 the Defendant contends that the documents should not have been allowed into evidence because |3the State did not produce the evidence until the actual day of trial; and, thus, the State violated the continuing duty of discovery. In his next argument, the Defendant alleges that the documents should not be allowed into evidence to prove a predicate offense for the DWI — fourth offense charge because the documents were not properly certified. In his last argument, the Defendant claims that the documents should not be allowed into evidence to prove a predicate offense because no one from the DeSoto Parish Clerk of Court’s Office was present to authenticate the uncertified documents; and, in addition, the Caddo Parish employees should not have been allowed to testify about these documents because they had no personal knowledge of the procedures of the DeSoto Parish Clerk'of Court’s Office.
The trial judge overruled Defendant’s objections, stating that because the documents were part of the public record from an adjoining parish and because the DeSoto conviction was listed in the bill of information, he would allow the documents into evidence. He also stated that he would allow the Caddo Parish employees to testify regarding these documents, but limited their testimony so as to preclude any other crimes evidence. In discussing the objections strenuously raised by Defendant’s counsel the trial judge, who was apparently concerned about the documents’ authenticity, stated:
He is doing the proper thing to object, and I think that probably from a strictly technical viewpoint, he is correct; however, I think from a practical standpoint, based on these particular, peculiar circumstances, I am going to allow it in the interest of justice.
La. C.E. art. 902, which relates to self-authentication of public documents, states in pertinent part:
Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
***** *
(2) Domestic public documents not under seal.
I . * * * * * * _L±
(b) Certified Louisiana public documents. A purported record, book, paper, or other document of the State of Louisiana, or of a department, board, or agency thereof or of a political subdivision of the state or department, board, or agency of such a subdivision when certified as being the original by an officer or employee who identifies his official position and who either has custody of the document or who is otherwise authorized to make such a certification.
La. C.E. art. 904 governs the rules for self-authentication of copies of public documents and states:
When an original public document is deemed authentic without proof by extrinsic evidence as provided in Article 902(1), (2) or (3), a purported copy of the document also shall be deemed authentic when certified as true or correct by the custodian or other person authorized to make that certification, by certificate complying with Article 902(1), (2), or (3)
Similarly, La. C.E. art. 1005 authorizes the use of certified copies to make the contents of a public record admissible when the copy is certified in compliance with La. C.E. art. 902 or is testified to as being correct by a witness who has compared it to the original.
This court addressed the issue of authentication and certification in Tuttle v. State of Louisiana, Department of Public Safety and Corrections, 579 So.2d 1150 (La.App. 2d Cir.1991). In Tuttle, we held that the certification of a document was not sufficient when it consisted of only a photocopied signature of the purported custodian. To certify a document, its proponent must establish, by specifying title or position, that the certifying party was the official custodian of records. See also State v. Martin, 356 So.2d 1370 (La.1978); State v. Lattier, 377 So.2d 450 (La.App. 2d Cir.1979); Guillot v. State of Louisiana, Department of Public Safety, 380 So.2d 1250 (La.App. 3d Cir.1980), writ denied, 384 So.2d 795 (La.1980).
*721 Similarly, the Louisiana First Circuit Court of Appeal recently enumerated these same requirements for certification in State v. Fontenot, 618 So.2d 915 (La.App. 1 Cir. 1993). The court held that for a document to be properly certified it must: 1) identify the name of the officer certifying the document; 2) certify that the officer either has custody of the records or is authorized to make a certification; and 3) state that the document is a true copy of the original if the officer is not presenting the original document.
In the present case, the State’s faxed copies of the bill of information and court minutes pertaining to the DeSoto conviction contain only a copy of the DeSoto clerk’s signature attesting that each document is “a tame copy.” As such, the documents do not satisfy the tests of Tuttle and Fontenot and the State did not prove every element of the crime charged. As a result, Defendant’s conviction of driving while intoxicated — fourth offense and sentence are set aside. Since the evidence does support a conviction on the lesser and included offense of driving while intoxicated — third offense, we remand the case to the trial court for entry of a third offense adjudication and resentencing.
Having reversed Defendant’s conviction due to the State’s failure to prove the offense charged, we do not reach Defendant’s second and third assignments of error.
CONCLUSION
For the foregoing reasons, Defendant’s conviction and sentence are set aside and the matter is remanded to the trial court with instructions to enter a judgment of guilty of driving while intoxicated — third offense and to sentence the Defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE AND REMANDED WITH INSTRUCTIONS.

. We note that while the bill of information incorrectly cites the violated statute as LSAR.S. 14:98.4, rather than the correct citation of 14:98, it also names the statute as “Driving While Intoxicated — Fourth Offense” which is sufficient under La.C.Cr.P. art. 12.