PER CURIAM.
Plaintiff, George E. Jefferson, filed a petition for a restricted driver’s license, but failed to allege or show that the current suspension of his license was his first. The Department of Public Safety (“DPSC”) did not answer the petition, filed no peremptory exception prior to trial, and made no appearance at trial. Instead, after the trial court awarded Jefferson a restricted license, DPSC appealed suspen-sively and then filed a peremptory exception of no cause of action in this Court.
This case closely mirrors Tuttle v. Department of Public Safety and Corrections, 579 So.2d 1150 (La.App. 2nd Cir.1991), in which the plaintiff also failed to assert his current license suspension was his first. As here, DPSC did not appear, but did file an answer and peremptory exception, albeit on the day of the hearing and without the knowledge of the trial court, which granted a restricted license. On appeal we reversed, holding that plaintiffs petition’s failure to state that the current suspension was his first was fatal to his claim. We remanded to give plaintiff an opportunity to amend or else suffer dismissal of his suit with prejudice.
In the instant case, we hereby exercise our supervisory jurisdiction to grant the exception of no cause of action, reverse the trial court’s judgment, and remand to give the plaintiff 30 days from the date of this judgment to amend his petition or suffer dismissal of his suit with prejudice. We take this action pursuant to our supervisory powers in the interests of judicial efficiency and fairness to the parties. Otherwise, a lengthy appellate delay would occur in a matter that should not have proceeded this far through our judicial system. A peremptory exception filed in advance of any proceedings in the trial court could have avoided delay, expense, and waste of judicial resources; costs on appeal will not be assessed.
REVERSED AND REMANDED.