Dear Superintendent Picard:
This office is in receipt of your request for an opinion of the Attorney General in regard to "original signatures" on Federal and State grant applications. You indicate you are currently requiring original signatures on all applications, assurances, budget forms, budget revisions and project completion reports, but you ask whether a faxed signature is acceptable as an original signature so as to be considered legally binding.
In Tuttle v. State of Louisiana, Department of Public Safety andCorrections, 579 So.2d 1150 (La.App. 2d Cir. 1991) plaintiff brought an action for a restricted driver's license pursuant to R.S. 32:415.1. The State challenged the petition asserting it failed to aver this as the first revocation or suspension of his license, but the lower court granted the restricted license. A copy of a computer printout of the plaintiff's driving record reflected that this was his second suspension. However, the court held without proper certification this material cannot be considered noting that the certification of the document only bears an apparently photocopied signature of the purported custodian, and fails to establish that the certifying party is the official custodian.
Similarly, in State v. Fontenot, 618 So.2d 915 (La.App. 1 Cir. 1993), defendant maintained the court erred when if overruled his objection to the State exhibit of a certified copy of a computer printout from the Office of Motor Vehicles showing ownership and registration of a particular automobile. The Court observed that LAS-C.E. Arts 901 and 902 provide the mechanism for authenticating documents. The court stated as follows:
 For a document to be properly certified it must: 1) identify the name of the officer certifying the document; 2) certify that he either has custody of the records or is authorized to make a certification; and 3) he must state, if he is not presenting the original, that the document is a true copy of the original.
The court then noted that the Louisiana case law interpreting these statutes have strictly construed them and would require close adherence to the requirements set forth in articles 902 and 904 of the Louisiana Code of Evidence, and cites the Tuttle case,supra.
As noted by this office in Atty. Gen. Op. No. 97-89 involving submission for bids by a contractor, since there were no instructions making witnesses' signatures mandatory, the absence of witnesses to the corporate secretary's signature had no impact on the validity of the corporate resolution. While this office found that the corporate secretary's signature was essential, it was concluded the bid could be considered if otherwise responsive to the specifications, terms and conditions. Accordingly, we find it pertinent to recognize that instructions for applications for grants will control.
Therefore, it would follow if the terms of the grant application requires an "original" signature, a faxed copy of the signature would not comply with the requirement. An alternative procedure which would support the integrity of the signature which could be adopted would be to have the original signature authenticated by a notary and witnesses, or comply with the provisions of Arts 901, 904 for authenticating documents, but as long as your requirement is for an original signature we cannot conclude that a faxed copy of the signature would be sufficient.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr